# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANG YANG, Individually and on Behalf of All Others Similarly Situated,<br><br>         Plaintiff,<br><br>      v.<br><br>TRUST FOR ADVISED PORTFOLIOS, INFINITY Q CAPITAL MANAGEMENT LLC, CHRISTOPHER E. KASHMERICK, JOHN C. CHRYSTAL, ALBERT J. DIULIO, S.J., HARRY E. RESIS, RUSSELL B. SIMON, LEONARD POTTER, and JAMES VELISSARIS,<br><br>         Defendants. | No. 1:21-cv-01047-FB-RLM |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PALM BEACH INVESTOR GROUP FOR (1) CONSOLIDATION OF THE RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF SELECTION OF COUNSEL**

Date of Service (via ECF):
April 27, 2021

# TABLE OF CONTENTS

| | | | |
|---|---|---|---|
| I. | PRELIMINARY STATEMENT | | 1 |
| II. | PROCEDURAL BACKGROUND | | 2 |
| III. | STATEMENT OF FACTS | | 3 |
| IV. | ARGUMENT | | 3 |
| | A. | The Court Should Consolidate the Related Actions | 3 |
| | B. | Movants Should Be Appointed Lead Plaintiff | 4 |
| | | **1.** The Procedure Required by the PSLRA | 4 |
| | | **2.** Movants Satisfy the Lead Plaintiff Requirements of the PSLRA | 5 |
| | | a) Movants Timely Moved for Appointment as Lead Plaintiff | 5 |
| | | b) Movants Have the Largest Financial Interest in the | 6 |
| | | Relief Sought by the Class | 6 |
| | | c) Movants Otherwise Satisfy the Requirements of Rule 23 | 6 |
| | C. | The Court Should Approve Movants' Choice of Counsel | 8 |
| V. | CONCLUSION | | 9 |

Proposed Lead Plaintiff Palm Beach Investor Group (comprised of Christian L. Klein, Mary J. Gulden, the Michael I. Gulden Revocable Trust, the Mary Jean Gulden Gifting Trust, the Evelyn L. Lyman Revocable Trust, and Capital Market Strategies LLC, and collectively referred to herein as "Movants") submit this memorandum of law in support of the motion for: (i) consolidation of the related actions pursuant to Fed. R. Civ. P. 42(a); (ii) appointment of Movants as Lead Plaintiff pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); and (iii) and approval of Movants' selection of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") as Lead Counsel.

## I. PRELIMINARY STATEMENT

The above-captioned action (the "Action") and *Sokolow v. Trust for Advised Portfolios*, 21-cv-02317 (E.D.N.Y.) (the "*Sokolow* Action") are to the best of Movants' knowledge, the only federal securities class action lawsuits brought in this district against the Infinity Q Diversified Alpha Fund (the "Fund"), Defendant Trust for Advised Portfolios, Defendant Infinity Q Capital Management LLC, and the Individual Defendants (Christopher E. Kashmerick, John C. Chrystal, Albert J. DiUlio, S.J., Harry E. Resis, Russell B. Simon, Leonard Potter, and James Velissaris) for violations of Section 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b) and 78t(a)) and Rule 10b-5 promulgated thereunder by the United States Securities and Exchange Commission (the "SEC") (17 C.F.R. § 240.10b-5) concerning the publicly traded securities of the Fund, which traded under the symbols "IQDAX" and "IQDNX". Both actions were brought on behalf of a class consisting of all those who purchased or otherwise acquired Fund shares from December 21, 2018 through February 22, 2021, both dates inclusive (the "Class Period"), and who were damaged thereby (the "Class").

In securities class actions, the PSLRA requires district courts to appoint as lead plaintiff

the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). Movants should be appointed as Lead Plaintiffs because, to the best of counsel's knowledge: (1) Movants have the largest financial interest in the relief sought by the Class because Movants acquired Fund securities and suffered at least $488,367.43 in losses as a result of Defendants' misconduct (*see* Guiney Decl., Ex. 3); and (2) Movants' claims are typical of the claims of the Class and Movants will fairly and adequately represent the interests of the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). In addition, Movants' selection of Wolf Haldenstein as Lead Counsel for the Class should be approved because the firm is eminently qualified and highly experienced in complex securities class actions and has the experience and resources to efficiently prosecute this action. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v).

Moreover, the Exchange Act clearly provides that movants need not file their own complaint to serve as lead plaintiffs. Rather, lead plaintiffs are any members of the putative class who has "either filed the complaint or made a motion in response to notice under subparagraph (A)(i)." 15 U.S.C. § 78u-4(a)(3)(B)(iii). Thus, Movants are a proper and timely movant to serve as lead plaintiff under the express terms of the Exchange Act.

## II. PROCEDURAL BACKGROUND

On February 26, 2021, this Action was filed in this Court alleging, *inter alia*, violations of the Exchange Act on behalf of all persons and entities, other than Defendants and their affiliates, who had purchased securities during the Class Period and who were damaged thereby. On the same day, counsel for plaintiff published notice of pendency of the class action, advising members of the proposed Class of their right to move this Court to serve as lead plaintiff no later than 60 days from the date of publication (by April 27, 2021). *See* Guiney Decl., Ex. 1.

On April 27, 2021, the *Sokolow* Action was filed in this District with similar allegations.

**III. STATEMENT OF FACTS**

The Action alleges that Defendants violated Sections 10(b) and 20(a) of the Exchange Act, as well as SEC Rule 10b-5, by making materially false and misleading statements and material omissions. Specifically, the Action alleges that Defendants made false and/or misleading statements and/or failed to disclose that: (1) Infinity Q's Chief Investment Officer made adjustments to certain parameters within the third-party pricing model that affected the valuation of the swaps held by the Fund; (2) consequently, Infinity Q would not be able to calculate NAV correctly; (3) as a result, the previously reported NAVs were unreliable; (4) because of the foregoing, the Fund would halt redemptions and liquidate its assets; and (5) as a result, the Fund's Prospectuses were materially false and/or misleading and failed to state information required to be stated therein. ¶ 27.[1]

**IV. ARGUMENT**

**A. The Court Should Consolidate the Related Actions**

Under the lead plaintiff provisions of the Securities Exchange Act, 15 U.S.C. § 78u-4, *et seq.*, if multiple actions involving "substantially the same claim or claims" are pending, the Court tasked with selecting the lead plaintiff should postpone that selection "until after the decision on the motion to consolidate is rendered. As soon as practicable after such decision is rendered, the court shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions in accordance with this paragraph." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Accordingly, the *Yang* and *Sokolow* actions should be consolidated pursuant to Rule 42(a), which provides:

> If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue

---

[1] "¶ _" are references to the specific paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws filed in this Action. ECF No. 1.

> in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Broad discretion is given to the court under this rule to consolidate cases pending within the District. *See City of Riviera Beach Gen. Emples. Ret. Sys. v. Macquarie Infrastructure Corp.*, 18-cv-3608, 2019 U.S. Dist. LEXIS 14860, *7 (S.D.N.Y. Jan. 30, 2019).

The actions assert claims against the same Defendants and involve common questions of law and fact. When actions involving a common question of law or fact are pending before a court, the court may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary cost or delay. *See Stone v. Agnico-Eagle Mines, Ltd.*, 280 F.R.D. 142, 143-44 (S.D.N.Y. 2012). In so doing, a district court has discretion in determining whether consolidation is appropriate. Here, there is no reason to proceed with two separate class actions covering the same putative classes and alleged wrongdoing.

Moreover, the consolidation of related proceedings pursuant to Rule 42(a) will avoid the unnecessary waste of judicial resources and additional cost and delay to the parties: it would make little sense to have two competing class actions litigating the same dispute. *See* Manual for Complex Litigation § 10.123 (in complex litigation, related proceedings should be coordinated to further efficiency and effective case administration).

### B. Movants Should Be Appointed Lead Plaintiff

#### 1. The Procedure Required by the PSLRA

The PSLRA governs the appointment of lead plaintiffs in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1) and (a)(3)(B)(i). First, the plaintiff who files the initial action must publish notice to the class, within 20 days of filing the action, informing class members of

their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). On February 26, 2021, notice was published on Business Wire triggering the requirements of the PSLRA. *See* Guiney Decl., Ex. 1.

Second, within 60 days after publication of the first notice, any person who is a member of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not he or she has previously filed a complaint in the action. 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). That period of time expires on April 27, 2021.

Third, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by class members and shall appoint as lead plaintiffs the members of the class who the Court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. § 78u-4(a)(3)(B).

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title is the person or group of persons that –
    (aa)    has either filed the complaint or made a motion in response to a notice . . ;
    (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
    (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.
15 U.S.C. § 78u-4(a)(3)(B)(iii).

### 2. Movants Satisfy the Lead Plaintiff Requirements of the PSLRA

#### a) Movants Timely Moved for Appointment as Lead Plaintiff

Pursuant to the provisions of the PSLRA, Movants have timely moved to be appointed Lead Plaintiff within the requisite time frame on behalf of all members of the Class. Movants have duly signed and filed a certification stating Movants' willingness to serve as a representative party on behalf of the Class. *See* Guiney Decl., Ex. 2. In addition, Movants have selected and retained experienced and competent counsel to represent Movants and the Class. *See* Guiney Decl., Ex. 4.

As Movants have filed the motion by the statutory deadline, Movants are entitled to be considered for appointment as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

### b) Movants Have the Largest Financial Interest in the Relief Sought by the Class

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court must appoint as Lead Plaintiff the Class member or members who represent the largest financial interest in the relief sought by the action. During the Class Period, Movants suffered losses of approximately $488,367.43 based on Class Period purchases of Fund securities and as a result of Defendants' misconduct. *See* Guiney Decl., Ex. 3. Therefore, Movants have a significant financial interest in this case. Movants have not received notice of any other applicant having a greater financial interest in the Actions. Accordingly, Movants should be appointed as Lead Plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B).

### c) Movants Otherwise Satisfy the Requirements of Rule 23

In addition to possessing a significant financial interest, the lead plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as class representative if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative party is typical of the claims or defenses of the class; and (4) the representative party will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). Of these four prerequisites, only two – typicality and adequacy – impact the analysis of competing motions for appointment as lead plaintiff. *See City of Monroe Employees' Ret. Sys. v. Hartford Fin. Servs. Gp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (quotation omitted). Movants must only make a preliminary showing to satisfy the Rule 23 typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc, Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose*

*v. Federal Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *5 (S.D.N.Y. Nov. 24, 2008).

The Rule 23(a) typicality requirements are satisfied when a plaintiff's claims arise from the same event, practice or course of conduct that gives rise to the claims of other class members, and plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. However, Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id*. Movants easily satisfy this requirement. As with every other member of the Class, Movants purchased Fund securities at prices artificially inflated by Defendants' materially false and misleading statements or omissions, and suffered damages as a consequence. Movants' claims therefore arise from the same circumstances as those of all other Class members and may be proven based on the same legal theories as those the absent Class members could use to prove Defendants' liability. In that regard, Movants are identical to all other members of the Class.

Movants easily satisfy this requirement. Like all members of the Class, Movants held Fund securities during the Class Period, and have suffered damages from Defendants' false and misleading statements and omissions contained in the Fund's public statements and SEC filings. Movants' substantial financial interest indicates an incentive to vigorously represent the Class's claims. Because the claims asserted by Movants are based on the same legal theories as the Class, the "injury to the named plaintiff and the conduct affecting the class" is essentially identical. *Id.* Accordingly, the typicality requirement is met here.

In addition, Movants must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This adequacy requirement is satisfied where movants demonstrate that: (1) they have "the ability and incentive to represent the claims of the class vigorously;" (2) they have "obtained adequate counsel;" and (3) there is no "conflict between [the movants] claims and those

7

asserted on behalf of the class." *City of Monroe Employees' Ret. Sys*, 269 F.R.D. at 297. To demonstrate adequacy, Movants point to the damages suffered as a result of their purchases of Fund securities based on false and misleading statements and omissions contained in the Fund's public statements and SEC filings. Movants are business people and typical investors located in the Palm Beach, Florida area. Movants are undoubtedly an adequate lead plaintiff because Movants' interests in aggressively pursuing the claims against Defendants are aligned with the interests of the members of the Class who were similarly harmed. Additionally, no evidence of conflict between the interests of Movants and the Class exists, and there is nothing to indicate that Movants will do anything but vigorously pursue the claims on behalf of the Class. Rather, Movants have expressed in the Certification their willingness to represent the Class as Lead Plaintiffs. *See* Guiney Decl., Ex. 2.

Moreover, as demonstrated below, Movants have selected and retained competent, experienced counsel that is indisputably qualified to conduct this complex litigation in an efficient, effective, and professional matter. Lastly, Movants are not subject to unique defenses and there is no evidence that Movants seeks anything other than the greatest recovery for the Class consistent with the merits of the claims.

Accordingly, Movants satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this Motion.

### C. The Court Should Approve Movants' Choice of Counsel

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the proposed Lead Plaintiff shall, subject to court approval, select and retain counsel to represent the class it seeks to represent. Movants have selected and retained Wolf Haldenstein to serve as Lead Counsel for the Class. Wolf Haldenstein has more than four decades of extensive experience in successfully prosecuting complex securities class actions and has frequently served as lead counsel in major actions in this and other courts.

*See* Guiney Decl., Ex. 4. Wolf Haldenstein is unquestionably qualified to serve as Lead Counsel for the Class, and will provide the Class with the highest caliber of legal representation.

As there is nothing to suggest that Movants or their counsel will not fairly and adequately represent the Class, or that Movants are subject to unique defenses – which is the only evidence that can rebut the presumption of adequacy – this Court should appoint Movants as Lead Plaintiff and approve Movants' selection of Wolf Haldenstein as Lead Counsel for the Class.

## V. CONCLUSION

For all the foregoing reasons, Movants respectfully request that the Court: (1) consolidate the related actions; (2) appoint Movants as Lead Plaintiff in this action; (3) approve Movants' selection of Wolf Haldenstein as Lead Counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

DATED: April 27, 2021                             RESPECTFULLY SUBMITTED,

                                                                                        /s Matthew M. Guiney
Matthew M. Guiney
Kevin G. Cooper
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel.: (212) 545-4600
Fax: (212) 686-0114
guiney@whafh.com
kcooper@whafh.com

*Counsel for Movants and Proposed Lead Counsel*

9