UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANG YANG, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>TRUST FOR ADVISED PORTFOLIOS, INFINITY Q CAPITAL MANAGEMENT, LLC, CHRISTOPHER E. KASHMERICK, JOHN C. CHRYSTAL, ALBERT J. DIULIO, S.J., HARRY E. RESIS, RUSSELL B. SIMON, LEONARD POTTER, and JAMES VELISSARIS,<br><br>　　　　Defendants. | Case No. 1:21-cv-01047-FB-RLM |

NOTICE OF MOTION OF BRUCE WODA FOR APPOINTMENT AS LEAD PLAINTIFF
AND APPROVAL OF LEAD COUNSEL

TO: ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE that Bruce Woda ("Woda"), by and through his counsel, will and does hereby move this Court, pursuant to Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), for the entry of an Order: (1) appointing Woda as Lead Plaintiff on behalf of all persons and entities who purchased the Infinity Q Diversified Alpha Fund Investor Class shares (IQDAX) or Institutional Class shares (IQDNX) between December 21, 2018 and February 22, 2021, both dates inclusive (the "Class"); and (2) approving proposed Lead Plaintiff's selection of Pomerantz LLP as Lead Counsel for the Class.

Woda is aware of Rule 2.A. of the Honorable Frederic Block's Individual Motion Practices and Rules ("Judge Block's Rules"), which provides, in relevant part: "For motions other than discovery motions, in all cases where the parties are represented by counsel . . . a pre-motion conference with the court must be requested before making any motions." Woda is also aware of Judge Block's Rule 2.D., which provides, in relevant part: "No motions papers shall be filed until the motion has been fully briefed." Here, pursuant to the PSLRA, the deadline to file a motion for appointment as Lead Plaintiff in the above-captioned action is April 27, 2021, on which date any member of the putative class may so move. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Woda will thus not know the identities of the other putative class members, if any, who intend to file competing Lead Plaintiff motions until April 28, 2021—the day after the statutory deadline—making a pre-motion conference with the court and full briefing of the motion prior to the filing of Woda's motion papers impracticable.

Additionally, Woda is aware of Rule A. of the Honorable Roanne L. Mann's Individual Motion Practices and Rules ("Judge Mann's Rules") with respect to non-dispositive motions, which provides, in relevant part: "[P]arties seeking judicial resolution of such a dispute should

1

comply with Local Civil Rules 37.3 and 6.4 and file a Letter Motion, not exceeding three (3) pages, exclusive of attachments. No formal motion is required. If more than three pages are necessary, parties should file a Letter Motion on ECF requesting permission to file a submission exceeding three pages." (Emphasis in original). For the same reasons as discussed above with respect to Judge Block's Rules, because of the procedures set forth under the PSLRA, conferral with opposing parties and full compliance with Judge Mann's Rules prior to the filing of Woda's motion papers is impracticable. Further, under the PSLRA, the Court is to appoint as lead plaintiff the movant or group of movants "that the court determines to be most capable of adequately representing the interests of class members," 15 U.S.C. § 78u-4(a)(3)(B)(i), which requires a determination of, *inter alia*, whether movants have filed their motion by the PSLRA's statutory deadline, have the largest financial interest in the litigation, and otherwise satisfy the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc). Accordingly, Woda respectfully submits that providing the requisite showings of financial interest and satisfaction of Rule 23's criteria under the PSLRA will require a submission exceeding the three-page limitation set forth in Judge Mann's Rules. Likewise, to timely file this motion with the Court, Woda respectfully submits that the filing of a formal motion along with a supporting memorandum of law, declaration, and proposed order on the April 27, 2021 motion deadline is necessary in this instance to preserve his statutory right to seek appointment as Lead Plaintiff pursuant to the PSLRA.

Under these circumstances, Woda respectfully requests that compliance with Judge Block's Rules 2.A. and 2.D., as well as Judge Mann's Rule A. with respect to non-dispositive motions, be waived in this instance.

Dated: April 27, 2021                    Respectfully submitted,

                                         POMERANTZ LLP

                                         */s/ Jeremy A. Lieberman*
                                         Jeremy A. Lieberman
                                         J. Alexander Hood II
                                         James M. LoPiano
                                         600 Third Avenue
                                         New York, New York 10016
                                         Telephone: (212) 661-1100
                                         Facsimile: (212) 661-8665
                                         jalieberman@pomlaw.com
                                         ahood@pomlaw.com
                                         jlopiano@pomlaw.com

                                         *Counsel for Bruce Woda and Proposed Lead Counsel for the Class*

                                         BRONSTEIN, GEWIRTZ
                                         & GROSSMAN, LLC
                                         Peretz Bronstein
                                         60 East 42nd Street, Suite 4600
                                         New York, New York 10165
                                         Telephone: (212) 697-6484
                                         Facsimile: (212) 697-7296
                                         peretz@bgandg.com

                                         *Additional Counsel for Bruce Woda*