UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
LIANG YANG, Individually and on Behalf of : Civil Action No. 1:21-cv-01047-FB-RLM
All Others Similarly Situated, :
: <u>CLASS ACTION</u>
Plaintiff, :
: MEMORANDUM OF LAW IN SUPPORT
vs. : OF MOTION FOR APPOINTMENT AS
: LEAD PLAINTIFF AND APPROVAL OF
TRUST FOR ADVISED PORTFOLIOS, : LEAD PLAINTIFF'S SELECTION OF
INFINITY Q CAPITAL MANAGEMENT, : LEAD COUNSEL
LLC, CHRISTOPHER E. KASHMERICK, :
JOHN C. CHRYSTAL, ALBERT J. DIULIO, :
S.J., HARRY E. RESIS, RUSSELL B. :
SIMON, LEONARD POTTER, and JAMES :
VELISSARIS, :
:
Defendants. :
---------------------------------------------------------------x

**TABLE OF CONTENTS**

                                 **Page**

I. INTRODUCTION ..................................................................................................... 1

II. SUMMARY OF THE ACTION .............................................................................. 2

III. ARGUMENT ............................................................................................................ 3

   A. Schiavi and Dattani Should Be Appointed Lead Plaintiff ......................... 3

      1. Schiavi and Dattani's Motion Is Timely ......................................... 3

      2. Schiavi and Dattani Possesses a Substantial Financial Interest ..... 4

      3. Schiavi and Dattani Satisfies the Rule 23 Typicality and Adequacy Requirements ................................................................... 4

   B. Schiavi and Dattani's Selection of Counsel Should Be Approved ........... 6

IV. CONCLUSION ....................................................................................................... 10

# TABLE OF AUTHORITIES

Page

**CASES**

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
 269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................................5

*HsingChing Hsu v. Puma Biotechnology, Inc.*,
 No. 8:15-cv-00865-AG (C.D. Cal.) ................................................................................7

*In re Am. Realty Capital Props., Inc. Litig.*,
 No. 1:15-mc-00040-AKH, ECF No. 1316 (S.D.N.Y. Jan. 21, 2020) .....................6, 7

*In re Auction Houses Antitrust Litig.*
 No. 1:00-cv-00648 (S.D.N.Y.) ......................................................................................8

*In re Blue Cross Blue Shield Antitrust Litig.*,
 MDL No. 2406 (N.D. Ala. Nov. 11, 2020) ...................................................................8

*In re Cardinal Health, Inc. Sec. Litig.*,
 No. 2:04-cv-00575-ALM (S.D. Ohio) ...........................................................................7

*In re Cendant Corp. Litig.*,
 264 F.3d 201 (3d Cir. 2001) ..........................................................................................5

*In re Enron Corp. Sec. Litig.*,
 No. 4:01-cv-03624 (S.D. Tex.) ......................................................................................7

*In re Google Digital Publisher Antitrust Litig*,
 No. 5:20-cv-8984-BLF (N.D. Cal.) ...............................................................................8

*In re HealthSouth Corp. Sec. Litig.*,
 No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ..................................................................8

*In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*,
 No. 1:01-cv-01451-REB-KLM (D. Colo.) ....................................................................8

*In re Takata Airbag Products Liab. Litig.*,
 MDL No. 2599 (S.D. Fla.) .............................................................................................8

*In re UnitedHealth Group Inc. Sec. Litig.*,
 No. 0:06-cv-01691-JMR-FLN (D. Minn.) ....................................................................7

*In re Valeant Pharm. Int'l, Inc. Sec. Litig.*,
 No. 3:15-cv-07658-MAS-LHG (D.N.J.) ........................................................................7

*Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*,
   No. 1:02-cv-05893 (N.D. Ill.) ..................................................................................7

*Lopez v. CTPartners Exec. Search Inc.*,
   2015 WL 2431484 (S.D.N.Y. May 18, 2015) ............................................................4

*NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*,
   No. 1:08-cv-10783, ECF No. 243 (S.D.N.Y. May 2, 2016) .......................................7

*Smilovits v. First Solar, Inc.*,
   No. 2:12-cv-00555-DGC (D. Ariz.) ............................................................................7

*Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*,
   No. 1:19-cv-01108-FB-LB, (E.D.N.Y. May 24, 2019) ..............................................6

*Thompson v. 1-800 Contacts, Inc.*,
   No. 2:16-cv-01183 (D. Utah).......................................................................................9

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §78u-4(a)(1) ................................................................................................................3
   §78u-4(a)(3)(A)(i) .......................................................................................................3
   §78u- 4(a)(3)(B)(i) ......................................................................................................1
   §78u-4(a)(3)(B)(iii) ..................................................................................................1, 3
   §78u-4(a)(3)(B)(iii)(I)(cc) ...........................................................................................4
   §78u-4(a)(3)(B)(v) ...................................................................................................1, 6

17 C.F.R.
   §240.10b-5 ..................................................................................................................1

Federal Rules of Civil Procedure
   Rules 23 ..............................................................................................................3, 4, 6

Investment Company Act of 1940
   §22(e)(3) .....................................................................................................................2

**LEGISLATIVE HISTORY**

H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730 .........................5

## I. INTRODUCTION

Pending before this Court is a securities class action lawsuit brought on behalf of investors who purchased Infinity Q Diversified Alpha Fund ("Infinity Q Diversified Alpha Fund") Investor Class shares (IQDAX) or Institutional Class shares (IQDNX) between December 21, 2018 and February 22, 2021, both dates inclusive (the "Class Period"), against Trust for Advised Portfolios ("Trust"), Infinity Q Capital Management, LLC ("Infinity Q"), and certain of the Trust and Infinity Q's trustees and officers for alleged violations of Sections 10(b) and 20(a) the Securities Exchange Act of 1934 (the "1934 Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78u-4, *et seq.*) and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5). In securities cases like this, the PSLRA directs district courts to appoint as lead plaintiff the class member it "determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u- 4(a)(3)(B)(i).

Here, Schiavi + Company LLC DBA Schiavi + Dattani ("Schiavi and Dattani") should be appointed as lead plaintiff because it: (1) timely filed this motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Schiavi and Dattani has also selected Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Boies Schiller Flexner LLP ("Boies Schiller") to serve as lead counsel for the putative class in the event its motion is granted. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Schiavi and Dattani's chosen counsel has extensive experience in the prosecution of complex securities class actions and the Court may be assured that by granting this motion and approving Schiavi and Dattani's choice of counsel, the class will receive the highest caliber of legal representation. *See, e.g.*, §III.B, *infra*.

Because Schiavi and Dattani satisfies the PSLRA criteria for appointment as lead plaintiff, its motion should be granted.

## II. SUMMARY OF THE ACTION

Infinity Q Diversified Alpha Fund is a mutual fund providing exposure to several strategies often referred to as "alternative" or "absolute return" strategies. Defendants claimed that Infinity Q Diversified Alpha Fund maintained a low average correlation to the equity, fixed income, and credit markets. Infinity Q Diversified Alpha Fund's portfolio includes swap instruments for which Infinity Q Diversified Alpha Fund's investment advisor calculates fair value using models provided by a third-party pricing vendor. Infinity Q acts as investment advisor to the Infinity Q Diversified Alpha Fund.

The complaint alleges that defendants throughout the Class Period made false and misleading statements and failed to disclose that: (1) Infinity Q's Chief Investment Officer made improper changes to the pricing of swaps held by the Infinity Q Diversified Alpha Fund; (2) consequently, Infinity Q's Net Asset Value ("NAV") was materially misstated; and (3) as a result, fund prospectuses contained materially false and misleading information and failed to state information required to be stated therein.

On February 22, 2021, Infinity Q filed an extraordinary request with the SEC for an order pursuant to §22(e)(3) of the Investment Company Act of 1940 suspending the right of redemption with respect to shares of Infinity Q Diversified Alpha Fund. The request revealed that "[o]n February 18, 2021, based on information learned by [SEC] staff and shared with Infinity Q, Infinity Q informed [Infinity Q Diversified Alpha Fund] that Infinity Q's Chief Investment Officer had been adjusting certain parameters within the third-party pricing model that affected the valuation of the Swaps." ECF No. 1 at ¶28. As a result, Infinity Q was unable to determine the NAV of the Infinity Q Diversified Alpha Fund and the fund was forced into liquidation. Defendants have subsequently admitted that Infinity Q Diversified Alpha Fund shareholders have, to date, suffered nearly $500 million in losses as a result of their pricing manipulations and the forced fire sale of fund assets.

As a result of defendants' violations of the federal securities laws, Schiavi and Dattani and other putative class members have suffered significant damages.

## III. ARGUMENT

### A. Schiavi and Dattani Should Be Appointed Lead Plaintiff

The PSLRA establishes a procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). Schiavi and Dattani meets each of these requirements and should therefore be appointed Lead Plaintiff.

#### 1. Schiavi and Dattani's Motion Is Timely

On February 26, 2021, the statutory notice was published on *Business Wire* advising class members of the pendency of the action, its alleged claims, its class definition, and the right to move the Court to be appointed as lead plaintiff by April 27, 2021. *See* Declaration of David A. Rosenfeld in Support of Motion for Appointment as Lead Plaintiff and Approval of Lead Plaintiff's Selection of Lead Counsel ("Rosenfeld Decl."), Ex. A. Because Schiavi and Dattani's motion was timely filed by the statutory deadline, Schiavi and Dattani is entitled to be considered for appointment as lead plaintiff.

### 2. Schiavi and Dattani Possesses a Substantial Financial Interest

Schiavi and Dattani, through the assigned claims, purchased 712,883 Infinity Q Diversified Alpha Fund Investor Class and Institutional Class shares during the Class Period for approximately $9.3 million. *See* Rosenfeld Decl., Exs. B-D. As of February 18, 2021, the last trading day before the Infinity Q Diversified Alpha Fund was suspended, Schiavi and Dattani held 705,838 Infinity Q Diversified Alpha Fund shares purchased during the Class Period, valued at approximately $9.1 million as measured by defendants' last reported NAV of the Fund. *See id*. While market loss is usually the primary financial interest metric in securities cases like this, here, no losses have been realized as a result of redemptions in the fund being frozen. Accordingly, Schiavi and Dattani's financial interest – and all movants' financial interest – is best represented by the metrics provided. To the best of its counsel's knowledge, there are no other class members with a larger financial interest seeking to serve as lead plaintiff.

### 3. Schiavi and Dattani Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). While Rule 23 has four requirements for class certification, "[a]t this early stage of litigation" "only the last two factors – typicality and adequacy – are pertinent." *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (cleaned up). "A lead plaintiff's claims are typical where 'each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability.'" *Id.* (citation omitted). "A lead plaintiff is adequate where he 'does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent.'" *Id.* (citation omitted).

Established in 1983, Schiavi and Dattani is a Delaware-based financial planning and investment advisory firm with approximately $480 million in assets under management on behalf of nearly 200 clients. *See* Rosenfeld Decl., Ex. E. As a sophisticated investor, Schiavi and Dattani is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the enactment of the PSLRA: "Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members." *In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001); *see City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 294 (S.D.N.Y. 2010) ("The drafters of the PSLRA sought to reduce the influence of lawyers on class action securities suits by weighting the determination of lead plaintiff in favor of large institutional investors."); H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 730, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Moreover, Schiavi and Dattani's interests are aligned with all class members, and it is highly motivated to achieve a favorable result for investors. As reflected in the Certification and financial interest chart submitted herewith, Schiavi and Dattani, through the assigned claims, purchased 712,883 Infinity Q Diversified Alpha Fund shares for approximately $9.3 million during the Class Period and suffered harm when defendants' alleged misconduct was revealed. *See* Rosenfeld Decl., Exs. B-D. Schiavi and Dattani's substantial stake in the outcome of the case indicates that it has the requisite incentive to vigorously represent the class's claims. Schiavi and Dattani is not aware of

any conflicts between its claims and those asserted on behalf of the putative class and is not subject to any unique defenses.

Finally, as discussed below, Schiavi and Dattani has selected qualified counsel experienced in securities litigation as lead counsel. Thus, Schiavi and Dattani's common interests shared with the class, substantial financial interest in the litigation, and selection of qualified counsel confirm its satisfaction of the Rule 23 requirements.

### B. Schiavi and Dattani's Selection of Counsel Should Be Approved

Pursuant to the PSLRA, the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class it seeks to represent. *See* 15 U.S.C. §78u-4(a)(3)(B)(v). Here, Schiavi and Dattani has selected Robbins Geller and Boies Schiller to serve as lead counsel for the proposed class.[1]

Robbins Geller, a 200-attorney nationwide law firm with offices in New York, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including this Court, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, No. 1:19-cv-01108-FB-LB, ECF No. 26 (E.D.N.Y. May 24, 2019) (appointing Robbins Geller as lead counsel); *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH, ECF No. 1316 at 55 (S.D.N.Y. Jan. 21, 2020) (concerning Robbins Geller's role as lead counsel in recovering $1.025

---

[1] For detailed descriptions of the firms' track records, resources, and attorneys, please see generally https://www.rgrdlaw.com and https:// https://www.bsfllp.com. Hard copies of the firms' resumes are available upon the Court's request, if preferred.

billion for the class in a securities case, stating "the role of lead counsel was fulfilled in an extremely fine fashion by [Robbins Geller]. At every juncture, the representations made to me were reliable, the arguments were cogent, and the representation of their client was zealous."); *NECA-IBEW Health & Welfare Fund v. Goldman Sachs & Co.*, No. 1:08-cv-10783, ECF No. 243 at 10-11 (S.D.N.Y. May 2, 2016) (concerning Robbins Geller's role as lead counsel in recovering $272 million for the class of MBS purchasers, stating: "Counsel, thank you for your papers. They were, by the way, extraordinary papers in support of the settlement," and acknowledging "plaintiffs' counsel's success in the Second Circuit essentially changing the law. I will also note what counsel have said, and that is that this case illustrates the proper functioning of the statute . . . . Counsel, you can all be proud of what you've done for your clients. You've done an extraordinarily good job.").

Notably, in 2020, Robbins Geller recovered more than $1.4 billion on behalf of investors in securities class action cases, including $1.02 billion in *Am. Realty* and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). And, in 2021, Robbins Geller has secured final approval of a $1.21 billion recovery for investors in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.[2]

---

[2] *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925

Boies Schiller is a law firm comprised of more than 150 attorneys that has an internationally recognized complex securities litigation and class actions practice. The Firm has a proven track record of achieving impressive results on behalf of both plaintiffs and defendants in high stakes class litigation. As outlined below, the Firm has been appointed lead class counsel on multiple matters that resulted in multi-billion dollar settlements for class members. In addition, the Firm's securities litigation lawyers include former senior federal securities fraud prosecutors who served in the United States Attorney's Offices for the Eastern and Southern Districts of New York and who investigated and prosecuted some of the most prominent matters of the last decade (including Bernard L. Madoff Investment Securities, S.A.C. Capital Advisors, and the "London Whale" trades). The Firm has won every major award from legal and business publications, from *American Lawyer* to *Chambers USA* and *Time* magazine and its partners are routinely honored for exceptional representation of both plaintiffs and defendants

Recently, Boies Schiller has been appointed co-lead counsel in major class actions including *In re Google Digital Publisher Antitrust Litig*, No. 5:20-cv-8984-BLF (N.D. Cal.), *In re Blue Cross Blue Shield Antitrust Litig.*, MDL No. 2406 (N.D. Ala.), and *In re Takata Airbag Products Liab. Litig.*, MDL No. 2599 (S.D. Fla.). In the *Blue Cross* MDL, the District Court recently issued a preliminary order approving a $2.67 billion settlement. *See In re Blue Cross Blue Shield Antitrust Litig.*, ECF No. 2641 (N.D. Ala. Nov. 11, 2020). The Firm also obtained $1.5 billion in settlements with auto manufacturers in the *Takata* MDL and a $14.7 billion settlement in the *Volkswagen "Clean Diesel"* litigation. Among other notable cases, Boies Schiller acted as lead counsel in *In re*

---

million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

*Auction Houses Antitrust Litig.*, No. 1:00-cv-00648 (S.D.N.Y.), a $512 million settlement that another plaintiffs' counsel described as "the most outstanding result I have ever heard of in the history of the antitrust laws." Boies Schiller also served as co-lead counsel for the direct purchaser class in the matter *In re Municipal Derivatives Antitrust Litig.* in federal court in New York (over $200 million in settlements) and for the direct purchaser class in the matter *In re Polyurethane Foam Antitrust Litig.* in federal court in Ohio (over $440 million in settlements).

Robbins Geller and Boies Schiller have experience serving as counsel with one another and understand the importance of providing comprehensive representation to the class without performing duplicative work. *See Thompson v. 1-800 Contacts, Inc.*, No. 2:16-cv-01183 (D. Utah) (antitrust class action).

Thus, the Court can be assured that by approving Schiavi and Dattani's choice of Robbins Geller and Boies Schiller as lead counsel, the putative class will receive the highest caliber of representation without duplicating fees, costs, or expenses.

## IV. CONCLUSION

Schiavi and Dattani has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, Schiavi and Dattani respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED: April 27, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. MCCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

BOIES SCHILLER FLEXNER LLP
JOHN T. ZACH
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212/446-2300
212/446-2350 (fax)
jzach@bsfllp.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on April 27, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ David A. Rosenfeld
DAVID A. ROSENFELD

ROBBINS GELLER RUDMAN
    & DOWD LLP
58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)

E-mail: drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-01047-FB-RLM Yang v. Trust for Advised Portfolios et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Antonia Marie Apps**
  aapps@milbank.com

- **Susan F. DiCicco**
  susan.dicicco@morganlewis.com

- **Matthew M Guiney**
  guiney@whafh.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Matthew Rees Ladd**
  matthew.ladd@morganlewis.com

- **Sean Miles Murphy**
  smurphy@milbank.com,bwalden@milbank.com,BReed@milbank.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`