UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANG YANG, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> vs.<br><br>TRUST FOR ADVISED PORTFOLIOS, INFINITY Q CAPITAL MANAGEMENT, LLC, CHRISTOPHER E. KASHMERICK, JOHN C. CHRYSTAL, ALBERT J. DIULIO, S.J., HARRY E. RESIS, RUSSELL B. SIMON, LEONARD POTTER, and JAMES VELISSARIS,<br>    Defendants. | Case No. 1:21-cv-01047-FB-RLM<br><br>Hon. Frederic Block |
| LEONARD SOKOLOW, AS TRUSTEE OF THE LEONARD J. AND SHARON R. SOKOLOW REVOCABLE TRUST 4/18/18, Individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br> vs.<br><br>TRUST FOR ADVISED PORTFOLIOS, INFINITY Q CAPITAL MANAGEMENT, LLC, CHRISTOPHER E. KASHMERICK, JOHN C. CHRYSTAL, ALBERT J. DIULIO, S.J., HARRY E. RESIS, RUSSELL B. SIMON. LEONARD POTTER, and JAMES VELISSARIS,<br><br>    Defendants. | Case No. 1:21-cv-02317 |

**MEMORANDUM OF LAW IN SUPPORT OF MOVANT THE FUND INVESTORS GROUP'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF <u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

# TABLE OF CONTENTS

I. FACTUAL BACKGROUND ............................................................................................. 2

II. ARGUMENT ..................................................................................................................... 3

    A. The Above-Captioned Cases Should Be Consolidated ........................................... 3

    B. The Fund Investor Group Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff ......................................................................................... 4

        1. The Fund Investor Group Filed a Timely Motion ....................................... 5

        2. The Fund Investor Group Has the Largest Financial Interest ..................... 6

        3. The Fund Investor Group Satisfies the Relevant Requirements of Rule 23 ........................................................................................................ 6

    C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate .............................. 8

III. CONCLUSION ................................................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*,
   269 F.R.D. 291 (S.D.N.Y. 2010) ...................................................................................6, 7

*Cornwell v. Credit Suisse Grp.*
   2011 WL 13263367 (S.D.N.Y. July 20, 2011) ...................................................................9

*Dolan v. Axis Capital Holdings Ltd.*,
   No. 04 Civ. 8564(RJH), 2005 WL 883008 (S.D.N.Y. Apr. 13, 2005) ......................................3

*In re Cendant Corp. Litig.*,
   264 F.3d 201 (3d Cir. 2001)....................................................................................................8

*In re eSpeed, Inc. Sec. Litig.*,
   232 F.R.D. 95 (S.D.N.Y. 2005) ..............................................................................................6

*Johnson v. Celotex Corp.*,
   899 F.2d 1281 (2d Cir. 1990)..................................................................................................3

*Kuriakose v. Fed. Home Loan Mortg. Co.*,
   No. 1:08-cv-7281 (JFK), 2008 WL 4974839 (S.D.N.Y. Nov. 24, 2008) .............................6, 7

*Varghese v. China Shenghuo Pharm. Holdings, Inc.*,
   589 F. Supp. 2d 388 (S.D.N.Y. 2008)..................................................................................5, 6

*Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*,
   No. 10-CV-01405 (SLT)(RER), 2011 WL 3511057 (E.D.N.Y. May 31, 2011) ......................7

*Weltz v. Lee*,
   199 F.R.D 129 (S.D.N.Y. 2001) .............................................................................................3

**Statutes, Rules, and Regulations**

15 U.S.C.
   §78u-4(a)(3)(A)(i)....................................................................................................................5
   §78u-4(a)(3)(B).......................................................................................................................4
   §78u-4(a)(3)(B)(iii).................................................................................................................5
   §78u-4(a)(3)(B)(iii)(I).............................................................................................................4
   §78u-4(a)(3)(B)(iii)(I)(bb) ......................................................................................................6
   §78u-4(a)(3)(B)(iii)(I)(cc).......................................................................................................6
   §78u-4(a)(3)(B)(iii)(II) ...........................................................................................................4
   §78u-4(a)(3)(B)(iii)(II)(aa) .....................................................................................................8

§78u-4(a)(3)(B)(iii)(aa) ........................................................................................................5
§78u-4(a)(3)(B)(v) .................................................................................................................8

Federal Rules of Civil Procedure
    Rule 23 ................................................................................................................... *passim*
    Rule 23(a) ...........................................................................................................................6, 7
    Rule 42(a) ................................................................................................................................3

Movants Marshall Glickman, Andrew Lietz, Donna Lietz, Keith C. Charles, and EMFO, LLC (collectively, the "Fund Investor Group" or "Movant") respectfully submit this memorandum of law in support of its motion for consolidation of the above-referenced cases, appointment as Lead Plaintiff, and approval of its selection of Scott+Scott Attorneys at Law LLP ("Scott+Scott") as Lead Counsel (the "Motion"), pursuant to the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4, *et seq.* These actions are brought on behalf of a putative class of purchasers of shares of the Infinity Q Diversified Alpha Fund (the "Fund") (both Investor Class shares (IQDAX) and Institutional Class shares (IQDNX)), between December 21, 2018 and February 22, 2021, both dates inclusive (the "Class Period"), and all persons and entities that held shares of the Fund as of February 22, 2021 and were affected by the alleged wrongdoing (the "Class").

Pursuant to the PSLRA, the movant with the largest financial interest in the relief sought by the Class, who also satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"), is presumed to be the "most adequate" plaintiff – *i.e.*, the plaintiff most capable of adequately representing the interests of class members. The PSLRA provides that a court shall appoint the most adequate movant as lead plaintiff. The Fund Investor Group is the "most adequate" movant, as defined by the PSLRA, and should be appointed lead plaintiff based on the financial losses it suffered as a result of Defendants' wrongful conduct as alleged in this litigation. Moreover, the Fund Investor Group satisfies the relevant requirements of Rule 23, as its claims are typical of other Class members' claims and it will fairly and adequately represent the interests of the Class. In addition, the Fund Investor Group's selection of Scott+Scott as Lead Counsel should be approved because Scott+Scott has substantial expertise in securities class action litigation and the experience and resources to efficiently and effectively prosecute these actions.

1

## I. FACTUAL BACKGROUND[1]

The Fund is a mutual fund. Its registrant and issuer is the Trust for Advised Portfolios and its investment advisor is Infinity Q Capital Management LLC ("Infinity Q"). ¶¶7-8. On February 22, 2021, Infinity Q filed a request with the SEC for an order pursuant to Section 22(e)(3) of the Investment Company Act of 1940 suspending the right of redemption with respect to shares of the Fund, effective February 19, 2021. The request was granted, effectively halting trading in the Fund. Since then, the Fund has purportedly been liquidating its portfolio and preparing to distribute the assets to its shareholders. ¶28.

The reason for Infinity Q's suspension request was an inability to determine certain of the Fund's holdings, particularly related to its swap investments, and the Fund's correct NAV. This was because Infinity Q's Chief Investment Officer had wrongfully made adjustments to certain parameters within the third-party pricing model that affected the valuation of the swaps. ¶28. Thus, Infinity Q could no longer attest to the accuracy of the Fund's NAV.

According to the complaint, throughout the Class Period, the defendants made false and/or misleading statements and/or failed to disclose that: (1) Infinity Q's Chief Investment Officer made adjustments to certain parameters within the third-party pricing model that affected the valuation of the swaps held by the Fund; (2) consequently, Infinity Q would not be able to calculate NAV correctly; (3) as a result, the Fund's previously reported NAVs were unreliable; (4) because of the foregoing, the Fund would halt redemptions and liquidate its assets; and (5) as a result, the prospectuses under which shares of the Fund were sold were materially false and/or misleading

---

[1] Citations to "¶__" are to paragraphs of the Class Action Complaint for Violation of the Federal Securities Laws, filed in *Yang v. Trust For Advised Portfolios*, No. 1:21-cv-01047, on February 26, 2021 (ECF No. 1) (the "*Yang* Complaint"). Unless otherwise defined, capitalized terms shall have the same meanings as those set forth in the *Yang* Complaint. The facts set forth in the *Yang* Complaint are incorporated herein by reference.

and failed to state information required to be stated therein. ¶¶18-27. As a result of these misstatements, Fund shares traded at artificially inflated prices during the Class Period. ¶46. Since the truth has been revealed, investors have been significantly damaged. ¶30. Investors have not been able to redeem their shares since February 21, 2021, and do not know what they are worth. It is clear, however, that they will not be worth what they were before February 21, 2021.

The first-filed of the two above-captioned related cases, the *Yang* Complaint, was filed on February 26, 2021, bringing claims against the Trust, Infinity Q, and individual trustees and officers of the Trust and Infinity Q under the Exchange Act, and stating a Class Period of December 21, 2018 through February 22, 2021, inclusive. ¶¶1, 31.

On April 27, 2021, a second complaint was filed against the same Defendants, captioned *Sokolow v. Trust for Advised Portfolio, et al.*, No. 1:21-cv-02317 (the "*Sokolow* Complaint"). *Sokolow* brings the same claims as *Yang* and an additional claim under Section 9 of the Exchange Act. *Sokolow* Complaint, ¶¶50-53. The *Sokolow* Complaint also expanded the Class to include all persons and entities that held shares of the Fund as of February 22, 2021 and were affected by the alleged wrongdoing. *Id.*, ¶30.

## II. ARGUMENT

### A. The Above-Captioned Cases Should Be Consolidated

Under Rule 42(a), consolidation is appropriate when actions involve common questions of law or fact. *See* Fed. R. Civ. P. 42(a); *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). Class action shareholder suits are ideally suited for consolidation pursuant to Rule 42(a). *See Weltz v. Lee*, 199 F.R.D 129, 131 (S.D.N.Y. 2001). "'In securities actions where the complaints are based on the same "public statements and reports," consolidation is appropriate if there are common questions of law and fact and the [parties] will not be prejudiced.'" *Id.*; *see also*

*Dolan v. Axis Capital Holdings Ltd.*, No. 04 Civ. 8564(RJH), 2005 WL 883008, at *1 (S.D.N.Y. Apr. 13, 2005).

The two above-captioned actions present very similar factual and legal issues and allege similar violations of the federal securities laws against the same Defendants and on behalf of substantially similar classes. Because the above-captioned actions are based on the same facts and involve the same subject matter, discovery obtained in one lawsuit will undoubtedly be relevant to all others and common questions of law and fact will predominate in these actions. Accordingly, consolidation under Rule 42(a) is appropriate here.

### B. The Fund Investor Group Is the Presumptive Lead Plaintiff and Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the court decides any pending motion to consolidate. 15 U.S.C. §78u-4(a)(3)(B). The PSLRA provides a "[r]ebuttable presumption" that the "most adequate plaintiff" – *i.e.*, the plaintiff most capable of adequately representing the interests of the Class – is the class member that:

(aa) has either filed the complaint or made a motion in response to a notice;

(bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(I).

The presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff":

      (aa)    will not fairly and adequately protect the interests of the class; or

      (bb)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

*See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

As set forth below, the Fund Investor Group satisfies the forgoing criteria and has complied with all the PSLRA's requirements to be appointed lead plaintiff. The Fund Investor Group has, to the best of its knowledge, the largest financial interest in the actions and meets the relevant requirements of Rule 23. *See* Laughlin Decl., Ex. B (PSLRA certifications). In addition, the Fund Investor Group is not aware of any unique defenses that Defendants could raise against it that would render it inadequate to represent the Class. Accordingly, the Fund Investor Group respectfully submits that it should be appointed as lead plaintiff. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008).

### 1. The Fund Investor Group Filed a Timely Motion

On February 26, 2021, pursuant to 15 U.S.C. §78u-4(a)(3)(A)(i), counsel for Plaintiff Yang published the Notice via *PRNewswire* – a widely circulated national business-oriented wire service – announcing that the *Yang* action had been filed and advising Fund investors that they had until April 27, 2021, to file a motion to be appointed as lead plaintiff. *See* Laughlin Decl., Ex. A. The Fund Investor Group timely filed its motion within the 60-day period following publication of the Notice and has submitted herewith sworn certifications attesting that it is willing to serve as a representative of the Class and providing its transactions in the Fund. *See* Laughlin Decl., Ex. B. By making a timely motion in response to the Notice, the Fund Investor Group satisfies the first PSLRA requirement to be appointed as Lead Plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii)(aa).

### 2. The Fund Investor Group Has the Largest Financial Interest

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the [the movant with] the largest financial interest in the relief sought by the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii). The Fund Investor Group believes that it has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and, accordingly, should be presumed to be the "most adequate plaintiff."

The Fund Investor Group purchased shares of the Fund at prices alleged to have been artificially inflated and in reliance upon the materially false and misleading statements made by the Defendants and was injured thereby. Movant purchased over 651,000 shares of the Fund that were held on February 22, 2021, for a total expenditure of over $7.2 million.[2] *See* Laughlin Decl., Ex. B. The Fund Investor Group is unaware of any other Class member claiming a larger financial interest in this matter that has filed a motion for appointment as lead plaintiff. Consequently, the Fund Investor Group believes that it has the "largest financial interest in the relief sought by the Class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(bb). Thus, the Fund Investor Group satisfies the second PSLRA requirement – the largest financial interest – to be appointed as lead plaintiff for the Class. *See Varghese*, 589 F. Supp. 2d at 396.

### 3. The Fund Investor Group Satisfies the Relevant Requirements of Rule 23

The PSLRA further provides that in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisf[y] the requirements of Rule

---

[2] Generally, the use of the longer, more inclusive class period (and, thus, class definition) is proper for purposes of lead plaintiff motion "because the longer class period encompasses more potential class members and damages." *Hom v. Vale, S.A.*, No. 1:15-CV-9539-GHW, 2016 WL 880201, at *4 (S.D.N.Y. Mar. 7, 2016); *see also In re Gentiva Sec. Litig.*, 281 F.R.D. 108, 113-14 (E.D.N.Y. 2012). Movant's *Yang* Class Period totals are over 276,000 shares for a total of over $3.3 million.

23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

(1) the class is so numerous that joinder of all members is impracticable;
(2) there are questions of law or fact common to the class;
(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
(4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that a lead plaintiff candidate satisfies the requirements of Rule 23, "'typicality and adequacy of representation are the only provisions [of Rule 23] relevant to the determination.'" *City of Monroe Emps.' Ret. Sys. v. Hartford Fin. Servs. Grp., Inc.*, 269 F.R.D. 291, 296 (S.D.N.Y. 2010) (brackets in original). At the lead plaintiff stage of the litigation, the Fund Investor Group need only make a preliminary showing that he satisfies Rule 23's typicality and adequacy requirements. *Id.* at 296-97 (citing *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005)); *Kuriakose v. Fed. Home Loan Mortg. Co.*, No. 1:08-cv-7281 (JFK), 2008 WL 4974839, at *4-5 (S.D.N.Y. Nov. 24, 2008). Movant goes beyond this requirement and also provides a declaration further demonstrating its adequacy to represent the Class. *See* Laughlin Decl., Ex. C.

### a. The Fund Investor Group's Claims Are Typical

Rule 23(a)'s typicality requirement is satisfied when a lead plaintiff's claims arise from the same event, practice, or course of conduct that gives rise to other class members' claims, and lead plaintiff's claims are based on the same legal theory. *See Kuriakose*, 2008 WL 4974839, at *4. Rule 23 does not require the lead plaintiff to be identically situated with all class members. *Id.*

7

The Fund Investor Group's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, the Fund Investor Group alleges that Defendants' material misstatements and omissions violated federal securities laws. The Fund Investor Group, like all members of the Class, purchased shares of the Fund during the Class Period at prices artificially inflated by Defendants' materially false and misleading statements and was damaged thereby. *See Waterford Twp. Police & Fire Ret. Sys. v. Smithtown Bancorp, Inc.*, No. 10-CV-01405 (SLT), 2011 WL 3511057, at *4 (E.D.N.Y. May 31, 2011) (typicality satisfied where movants purchased stock at artificially inflated prices "and suffered damages as a result"). Accordingly, the Fund Investor Group's interests and claims are "typical" of the interests and claims of the Class.

### b. The Fund Investor Group Is an Adequate Representative

"The adequacy requirement is satisfied where: (1) class counsel is qualified, experienced, and generally able to conduct the litigation; (2) there is no conflict between the proposed lead plaintiff and the members of the class; and (3) the proposed lead plaintiff has a sufficient interest in the outcome of the case to ensure vigorous advocacy." *Monroe*, 269 F.R.D. at 297. The Fund Investor Group has demonstrated its adequacy by retaining competent and experienced counsel with the resources and expertise to efficiently prosecute these actions. *See* Laughlin Decl., Ex. D. The Fund Investor Group is not aware of any conflict that exists between its claims and those asserted on behalf of the Class.

Accordingly, because it has the largest financial interest in these actions and has made the preliminary showing necessary to satisfy the typicality and adequacy requirements of Rule 23, the Fund Investor Group should be appointed as Lead Plaintiff.

### C. Approving Lead Plaintiff's Choice of Counsel Is Appropriate

The PSLRA vests authority in the lead plaintiffs to select and retain counsel, subject only to approval of the Court. *See* 15 U.S.C. §78u-4(a)(3)(B)(v); *In re Cendant Corp. Litig.*, 264 F.3d

201, 274 (3d Cir. 2001). Thus, a court should not disturb the lead plaintiff's choice of counsel unless necessary to "protect the interests of the class[.]" 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)(aa).

The Fund Investor Group has selected the law firm of Scott+Scott to represent the Class. Scott+Scott has substantial experience in the prosecution of securities fraud class actions and possesses the necessary resources to efficiently conduct this litigation. *See* Laughlin Decl., Ex. D. Specifically, Scott+Scott has served as lead or co-lead counsel in many high-profile class actions and recovered hundreds of millions of dollars for victims of corporate fraud.[3]

Scott+Scott's efforts have not gone unnoticed by the courts. For instance, in *Cornwell v. Credit Suisse Grp.*, a case in which Scott+Scott served as co-lead counsel and recovered $70 million for the class, this Court stated:

> Lead Plaintiffs' counsel demonstrated that notwithstanding the barriers erected by the PSLRA, they would develop evidence to support a convincing case. Based upon Lead Plaintiffs' counsel's diligent efforts on behalf of the Settlement Class, as well as their skill and reputations, Lead Plaintiffs' counsel were able to negotiate a very favorable result for the Settlement Class. Lead Plaintiffs' counsel are among the most experienced and skilled practitioners in the securities litigation field, and have unparalleled experience and capabilities as preeminent class action specialists.

No. 08-cv-03758 (VM), 2011 WL 13263367, at *2 (S.D.N.Y. July 20, 2011).

Scott+Scott currently serves as court-appointed lead or co-lead counsel in various federal securities class actions, including: *Abadilla v. Precigen, Inc.*, No. 5:20-cv-06936 (N.D. Cal.); *Hill*

---

[3] Recoveries obtained by Scott+Scott acting as lead or co-lead counsel include the following: *In re SanDisk LLC Sec. Litig.*, No. 3:15-cv-01455 (N.D. Cal.) ($50 million); *Weston v. RCS Capital Corp.*, No. 1:14-cv-10136 (S.D.N.Y.) ($31 million); *Policemen's Annuity & Benefit Fund of the City of Chi. v. Bank of Am., N.A.*, No. 1:12-cv-02865 (S.D.N.Y.) ($69 million); *In re Priceline.com Inc. Sec. Litig.*, No. 3:00-cv-01844 (D. Conn.) ($80 million); *Thurber v. Mattel, Inc.*, No. 2:99-cv-10368 (C.D. Cal.) ($122 million); *In re Emulex Corp. Sec. Litig.*, No. 8:01-cv-00219 (C.D. Cal.) ($39 million); *In re Sprint Sec. Litig.*, No. 00-230077 (Mo. Cir. Ct., Jackson Cty.) ($50 million); *In re Nw. Corp. Sec. Litig.*, No. 4:03-cv-04049 (D.S.D.) ($61 million); *Irvine v. ImClone Sys., Inc.*, No. 1:02-cv-00109 (S.D.N.Y.) ($75 million); *Schnall v. Annuity & Life Re (Holdings) Ltd.*, No. 3:02-cv-02133 (D. Conn.) ($27 million); *In re Wash. Mut. Mortg. Backed Sec. Litig.*, No. 2:09-cv-00037 (W.D. Wash.) ($26 million); and *In re Conn's, Inc. Sec. Litig.*, No. 4:14-cv-00548 (S.D. Tex.) ($22.5 million).

*v. MacroGenics, Inc.*, No. 8:19-cv-02713 (D. Md.); *Visser v. Energy Recovery, Inc.*, No. 1:20-cv-05647 (S.D.N.Y.); *Kanugonda v. Funko, Inc.*, No. 2:18-cv-00812 (W.D. Wash.); *Corwin v. ViewRay, Inc.*, No. 1:19-cv-02115 (N.D. Ohio); *Mo-Kan Iron Workers Pension Fund v. Teligent, Inc.*, No. 1:19-cv-03354 (S.D.N.Y.); *In re Weight Watchers Int'l, Inc. Sec. Litig.*, No. 1:19-cv-02005 (S.D.N.Y.); *Mustafin v. GreenSky, Inc.*, No. 1:18-cv-11071 (S.D.N.Y.); *In re Evoqua Water Techs. Corp. Sec. Litig.*, No. 1:18-cv-10320 (S.D.N.Y.); *Silverberg v. DryShips Inc.*, No. 2:17-cv-04547 (E.D.N.Y.); and *Robinson v. Diana Containerships Inc.*, No. 2:17-cv-06160 (E.D.N.Y.).

In light of the foregoing, the Court should approve the Fund Investor Group's selection of Scott+Scott as Lead Counsel. The Court can be assured that by approving the Fund Investor Group's choice of counsel, the putative Class will receive the highest caliber of representation.

## III. CONCLUSION

For the foregoing reasons, the Fund Investor Group respectfully requests the Court grant its Motion and enter an Order: (1) consolidating the above-captioned cases; (2) appointing the Fund Investor Group as Lead Plaintiff; (3) approving the Fund Investor Group's selection of Scott+Scott as Lead Counsel for the Class; and (4) granting such other relief as the Court may deem just and proper.

Dated: April 27, 2021

                                          **SCOTT+SCOTT ATTORNEYS AT LAW LLP**

                                          *s/ Thomas L. Laughlin, IV*
                                          Thomas L. Laughlin, IV
                                          Rhiana L. Swartz
                                          The Helmsley Building
                                          230 Park Avenue, 17th Floor
                                          New York, NY 10169
                                          Telephone: 212-223-6334
                                          Facsimile: 212-223-6444
                                          tlaughlin@scott-scott.com
                                          rswartz@scott-scott.com

*Counsel for Proposed Lead Plaintiff-Movant the Fund Investor Group and Proposed Lead Counsel for the Class*

**CRIDEN & LOVE, P.A.**
Michael E. Criden
Lindsey Grossman
7301 SW 57th Court, Suite 515
South Miami, FL 33143
Telephone: 305-357-9000
Facsimile: 305-357-9050
mcriden@cridenlove.com
lgrossman@cridenlove.com

*Additional Counsel for the Fund Investor Group*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 27, 2021, I caused the foregoing to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the email addresses denoted on the Electronic Mail Notice List.

Executed on April 27, 2021, at New York, New York.

                                              *s/ Thomas L. Laughlin, IV*
                                              Thomas L. Laughlin, IV