UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANG YANG, Individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>                v.<br><br>TRUST FOR ADVISED PORTFOLIOS, INFINITY Q CAPITAL MANAGEMENT, LLC, CHRISTOPHER E. KASHMERICK, JOHN C. CHRYSTAL, ALBERT J. DIULIO, S.J., HARRY E. RESIS, RUSSELL B. SIMON, LEONARD POTTER, AND JAMES VELISSARIS,<br><br>                Defendants. | Civil Action No. 1:21-cv-01047-FB-RLM<br><br>CLASS ACTION |

**DEFENDANTS' RESPONSE TO MOTIONS FOR APPOINTMENT OF
LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

Defendants respectfully submit this response to the motions filed on April 27, 2021 by proposed lead plaintiffs Palm Beach Investor Group (ECF No. 15) and Schiavi + Company LLC DBA Schiavi + Dattani (ECF No. 23), seeking their respective appointments as lead plaintiffs and approval of choice of counsel (together, the "Motions").

Defendants take no position with respect to the appointment of lead plaintiff or lead plaintiffs' counsel, and Defendants reserve their rights to contest class certification at the appropriate time on any and all grounds, including without limitation the adequacy and typicality of the lead plaintiff. Defendants do not concede any of the factual allegations or legal assertions in the Motions. The Motions and the Court's ruling thereon will determine only the identity of Defendants' party opponent and opposing counsel in the litigation, and cannot prejudice any of Defendants' rights or defenses with respect to this action. Nevertheless, Defendants submit this

response to the Motions in order to alert the Court to two specific issues presented in the Motions.

*First*, an investment advisor is seeking appointment as lead plaintiff through the use of post-litigation assignments of claims from its clients. *See* ECF No. 25-2 (Exhibit B to Rosenfeld Decl., client assignments to Schiavi + Company LLC dated April 9-23, 2021). Federal courts in the Second Circuit have previously held that such post-litigation assignments are insufficient to establish Article III standing for an investment advisor and have rejected or revoked lead plaintiff applications on this basis. *See, e.g.*, *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 116 (S.D.N.Y. 2009) (presumptive lead plaintiff holding post-litigation assignments "did not have Article III standing"); *In re IMAX Sec. Litig.*, No. 06CIV6128, 2009 WL 1905033, at *3 (S.D.N.Y. June 29, 2009) (lead plaintiff investment advisor lacked Article III standing and faced "unique legal issues" in light of post-litigation assignments).

Apart from Article III standing, the investment advisor's application also appears to be missing key information necessary for the Court to determine whether the advisor has statutory standing. Federal courts have required that for investment advisors to have statutory standing to be a lead plaintiff, they must have discretionary investment authority and a pre-suit authorization to bring claims for their clients. *See, e.g.*, *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y. 2003) (investment advisor assignee of claims had standing where it had "unrestricted decision making authority," "complete investment authority," and "full power to bring suit for [its clients'] investment losses"); *see also W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 106 (2d Cir. 2008) ("*Weinberg* identified two factors for determining whether investment advisors have statutory standing as 'purchasers' under section 10(b) of the Securities Exchange Act: (1) the investment advisor has unrestricted decision making authority to invest the securities at issue; and (2) the investment advisor is also the attorney-in-fact for its

2

clients, *i.e.*, it has obtained the powers of attorney from its clients. These statutory factors are separate and apart from the elements of constitutional standing.") (internal citations omitted). The application by Schiavi + Company LLC DBA Schiavi + Dattani appears to be missing this key information.

*Second*, the investor group seeking to be lead plaintiff—namely, Palm Beach Investor Group—has failed to provide information necessary for the Court to appoint the appropriate lead plaintiff. Although the PSLRA expressly permits a "group of persons" to serve as lead plaintiff (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)), allowing aggregations of unrelated plaintiffs creates problems of coordination, risks duplication of effort, and reduces incentives for lead plaintiff members to fulfill their role. *See In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 621–22 (S.D.N.Y. 2015). Therefore, courts have required that an investor group be "small and cohesive" and potential shareholder groups accordingly support their lead plaintiff application by providing the court with evidence to establish the group's cohesion and ability to work together to direct and oversee counsel's work. *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 392 (S.D.N.Y. 2008) ("[A] proposed group must proffer an evidentiary showing that unrelated members of a group will be able to function cohesively and to effectively manage the litigation apart from their lawyers before its members will be designated as presumptive lead plaintiffs.").

The lead plaintiff submission here by the Palm Beach Investor Group appears to be missing critical information concerning whether the group meets these requirements. Under such circumstances, it is not at all clear that an investor group is well-suited to lead this litigation on behalf of the putative class. *Compare In re Pfizer Inc. Sec. Litig.*, 233 F.R.D. 334, 337 (S.D.N.Y. 2005) (rejecting aggregation request where "[n]othing before the Court indicates that this

aggregation is anything other than an attempt to create the highest possible 'financial interest' figure under the PSLRA") *with Freudenberg v. E\*Trade Fin. Corp.*, No. CIV A 07 CIV. 10400, 2008 WL 2876373, at \*5 (S.D.N.Y. July 16, 2008) (approving aggregation where members "submit that they have a longstanding pre-litigation relationship and a clear understanding as to consultation, information sharing, and management of the litigation").

Regardless of this Court's appointment of lead plaintiff, Defendants intend to seek dismissal of the Complaint or any amended complaint that may be filed by the party appointed as lead plaintiff pursuant to the PSLRA and Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

Dated: New York, New York
May 11, 2021

**MORGAN LEWIS & BOCKIUS LLP**

*/s/ Susan F. DiCicco*
Susan F. DiCicco
Matthew R. Ladd
101 Park Avenue
New York, NY 10178
Phone: (212) 309-6000
Fax: (212) 309-6001
susan.dicicco@morganlewis.com
matthew.ladd@morganlewis.com

Joseph E. Floren
One Market, Spear Street Tower
San Francisco, CA 94105
Phone: (415) 442-1000
Fax: (415) 442-1001
joseph.floren@morganlewis.com

*Counsel for Defendants Trust for Advised Portfolios, Christopher E. Kashmerick, and Russell B. Simon*

**DUANE MORRIS LLP**

*/s/ James J. Coster (consent)*
James J. Coster
230 Park Avenue, Suite 1130
New York, NY 10169
Phone: (212) 818-9200

*Attorneys for Defendants John Chrystal, Albert DiUlio, and Harry Resis*

---

**MILBANK LLP**

*/s/ Sean M. Murphy (consent)*
Sean M. Murphy
George S. Canellos
Antonia M. Apps
smurphy@milbank.com
gcanellos@milbank.com
aapps@milbank.com
55 Hudson Yards
New York, New York 10001
Phone: (212) 530-5000

*Attorneys for Defendants Infinity Q Capital Management, LLC and Leonard Potter*

---

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Chantale Fiebig (consent)*
Chantale Fiebig
1050 Connecticut Avenue, N.W.
Washington, DC 20036-5306
Telephone: (202) 955-8244
Facsimile: (202) 530-4203
CFiebig@gibsondunn.com

*Counsel for Defendant James Velissaris*