UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIANG YANG, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>  vs.<br><br>TRUST FOR ADVISED PORTFOLIOS, INFINITY Q CAPITAL MANAGEMENT, LLC, CHRISTOPHER E. KASHMERICK, JOHN C. CHRYSTAL, ALBERT J. DIULIO, S.J., HARRY E. RESIS, RUSSELL B. SIMON, LEONARD POTTER, and JAMES VELISSARIS,<br><br>      Defendants. | Civil Action No. 1:21-cv-01047-FB-RLM<br><br><u>CLASS ACTION</u><br><br>SCHIAVI + COMPANY LLC DBA SCHIAVI + DATTANI'S MEMORANDUM OF LAW IN OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS |

## I. INTRODUCTION

While two motions are still pending before the Court filed by movants seeking appointment as lead plaintiff in this matter pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), only one movant satisfies all of the statutory criteria for appointment: Schiavi + Company LLC DBA Schiavi + Dattani ("Schiavi and Dattani").[1] Schiavi and Dattani filed a timely motion, has the largest financial interest, and satisfies Rule 23's requirements. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). Indeed, Schiavi and Dattani's financial interest alone is more than ***eighteen times*** the remaining movant's alleged financial interest:

| *Remaining Movants* | *Alleged Financial Interest*[2] |
|---|---|
| **Schiavi and Dattani** | **$9,055,903** |
| *Klein Group* | *$488,367* |

Beyond possessing the largest financial interest, Schiavi and Dattani has clearly demonstrated that it is entitled to the PLSRA's "most adequate plaintiff" presumption by submitting a Declaration affirming its ability and willingness to serve as, and to assume the responsibilities of, lead plaintiff. *See* ECF No. 25-5. Schiavi and Dattani's selection of counsel with extensive experience in prosecuting securities class actions, Robbins Geller Rudman & Dowd LLP and Boies Schiller Flexner LLP, further evidences its adequacy. *See* ECF No. 24 at 6-9. And, as a sophisticated institutional investor with experience overseeing counsel, Schiavi and Dattani is

---

[1] The two remaining movants are: (1) Schiavi and Dattani; and (2) Christian L. Klein, Mary J. Gulden, the Mary Jean Gulden Gifting Trust, the Michael I. Gulden Revocable Trust, the Evelyn L. Lyman Revocable Trust, and Capital Market Strategies LLC (the "Klein Group"). *See* ECF Nos. 15, 23. On May 10, 2021, Keith C. Charles, EMFO, LLC, Marshall Glickman, Andrew Lietz, and Donna Lietz (the "Charles Group") filed a notice of withdrawal of its motion. *See* ECF No. 34. Similarly, on May 11, 2021, Bruce Woda filed a notice of non-opposition to the competing lead plaintiff motions, recognizing that he "does not appear to possess the largest financial interest in this litigation." ECF No. 35. Unless otherwise noted herein, all emphasis is added and citations are omitted.

[2] *See* ECF Nos. 17-3, 25-4.

"exactly the type of sophisticated institutional investor[] that Congress intended to serve as lead plaintiff in PSLRA cases." *Goodwin v. Anadarko Petroleum Corp.*, 2010 WL 11469543, at *3 (S.D.N.Y. Nov. 16, 2010). By contrast, the remaining competing movant cannot claim the largest financial interest, nor can it rebut the presumption in Schiavi and Dattani's favor.

Accordingly, because the remaining competing movant cannot trigger the presumption and cannot rebut it, Schiavi and Dattani is entitled to the PSLRA's "most adequate plaintiff" presumption and should be appointed as Lead Plaintiff and its choice of Lead Counsel should be approved. The remaining competing motion should be denied.

## II. ARGUMENTS

### A. Schiavi and Dattani Meets the PSLRA's Requirements and Should Be Appointed Lead Plaintiff

In determining the "most adequate plaintiff," the PSLRA provides that:

[T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). "This presumption may be rebutted 'only upon ***proof*** by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" *Goodwin*, 2010 WL 11469543, at *1 (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II)).

With a financial interest *eighteen times* larger than the remaining competing movant, there can be no legitimate dispute that Schiavi and Dattani possesses the "largest financial interest" in this litigation:

| Movant | Alleged Financial Interest[3] |
|---|---|
| **Schiavi and Dattani** | **$9,055,903** |
| *Klein Group* | *$488,367* |

Aside from possessing the largest financial interest, the PSLRA requires that, to be designated the presumptively most adequate plaintiff, Schiavi and Dattani must also "otherwise satisf[y] the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(cc). There is no question that Schiavi and Dattani satisfies this requirement. *See* ECF No. 24 at 4-6. Schiavi and Dattani is a Delaware-based financial planning and investment advisory firm with approximately $480 million in assets under management on behalf of nearly 200 clients. *See* ECF No. 25-5 at ¶2. Simply put, Schiavi and Dattani is "exactly the type of sophisticated institutional investor[] that Congress intended to serve as lead plaintiff in PSLRA cases." *Goodwin*, 2010 WL 11469543, at *3; *see also City of Riviera Beach Gen. Emps. Ret. Sys. v. Macquarie Infrastructure Corp.*, 2019 WL 364570, at *6 (S.D.N.Y. Jan. 30, 2019) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* U.S.C.C.A.N. 730, 733) (same)).

Because Schiavi and Dattani clearly has the largest financial interest and satisfies Rule 23's requirements, Schiavi and Dattani is presumptively the "most adequate plaintiff.[4]

---

[3]  *See* ECF Nos. 17-3, 25-4.

[4]  On April 27, 2021, the last day motions for appointment for lead plaintiff in this matter were due, a second related securities class action lawsuit was filed. *See Leonard Sokolow, as Trustee of the Leonard J. and Sharon R. Sokolow Revocable Trust dated 4/18/18 v. Trust for Advised Portfolios*, No. 1:21-cv-02317 (E.D.N.Y.). The *Sokolow* complaint expanded the class definition by including "all persons and entities that **held** shares of the Fund as of February 22, 2021 and were affected by the wrongdoing alleged herein." *Id.* at ¶1. Schiavi and Dattani has the largest financial interest under the *Sokolow* complaint's expanded class definition as well given that Schiavi and

### B. The "Most Adequate Plaintiff" Presumption, Which Lies in Schiavi and Dattani's Favor, Cannot Be Rebutted

The presumptive lead plaintiff, Schiavi and Dattani, must be appointed unless it is ***proven*** that Schiavi and Dattani will not satisfy the typicality and adequacy requirements of Rule 23(a). *See, e.g.*, *Goodwin*, 2010 WL 11469543, at *1 ("This presumption may be rebutted 'only upon ***proof*** by a member of the purported plaintiff class' that the presumptive lead plaintiff 'will not fairly and adequately protect the interests of the class' or 'is subject to unique defenses that render such plaintiff incapable of adequately representing the class.'" (quoting 15 U.S.C. §78u-4(a)(3)(B)(iii)(II))). Indeed, "once the presumption is triggered, the question ***is not*** whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair[] and adequate[]' job." *In re Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (emphasis in original); *see also In re Cavanaugh*, 306 F.3d 726, 730-32 (9th Cir. 2002).

Here, there can be no dispute that Schiavi and Dattani meets the adequacy and typicality requirements. In addition, Schiavi and Dattani has selected counsel which is highly experienced in securities litigation – a fact that courts, including courts in this District, have previously acknowledged. *See, e.g., Teamsters Local Union No. 727 Pension Fund v. Vanda Pharm. Inc.*, No. 1:19-cv-01108-FB-LB, ECF No. 26 (E.D.N.Y. May 24, 2019) (appointing Robbins Geller as lead counsel). Consequently, the "most adequate plaintiff" presumption, which lies in Schiavi and Dattani's favor, cannot be rebutted.

---

Dattani held more shares at the end of the Class Period than the remaining competing movant. *See* ECF Nos. 17-3, 25-4.

- 4 -

4812-6285-7448.v1

**III. CONCLUSION**

The remaining competing movant does not possess the largest financial interest. Nor can the remaining competing movant prove that Schiavi and Dattani is either inadequate or subject to unique defenses. Consequently, the remaining competing movant cannot trigger the PSLRA's most adequate plaintiff presumption. Accordingly, Schiavi and Dattani respectfully requests that the Court grant its motion and deny the motion of the remaining competing movant.

DATED: May 11, 2021          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD

*s/ David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. MCCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

4812-6285-7448.v1

BOIES SCHILLER FLEXNER LLP
JOHN T. ZACH
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212/446-2300
212/446-2350 (fax)
jzach@bsfllp.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on May 11, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

                                             s/ David A. Rosenfeld
                                             DAVID A. ROSENFELD

                                             ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
                                             58 South Service Road, Suite 200
                                             Melville, NY 11747
                                             Telephone: 631/367-7100
                                             631/367-1173 (fax)

                                             E-mail: drosenfeld@rgrdlaw.com

# Mailing Information for a Case 1:21-cv-01047-FB-RLM Yang v. Trust for Advised Portfolios et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Antonia Marie Apps**
  aapps@milbank.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,nydocket@duanemorris.com,autodocketny@duanemorris.com

- **Susan F. DiCicco**
  susan.dicicco@morganlewis.com

- **Joseph Edward Floren**
  jfloren@morganlewis.com

- **Matthew M Guiney**
  guiney@whafh.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Matthew Rees Ladd**
  matthew.ladd@morganlewis.com

- **Thomas Livezey Laughlin**
  tlaughlin@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,dcolonna@scott-scott.com,efile@scott-scott.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Sean Miles Murphy**
  smurphy@milbank.com,bwalden@milbank.com,BReed@milbank.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`