UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

―――――――――――――――――――――――― x
LIANG YANG, Individually and on Behalf of : Civil Action No. 1:21-cv-01047-FB-RLM
All Others Similarly Situated, :
: CLASS ACTION
                    Plaintiff, :
: SCHIAVI + COMPANY LLC DBA
    vs. : SCHIAVI + DATTANI'S REPLY IN
: FURTHER SUPPORT OF LEAD PLAINTIFF
TRUST FOR ADVISED PORTFOLIOS, : MOTION
INFINITY Q CAPITAL MANAGEMENT, :
LLC, CHRISTOPHER E. KASHMERICK, :
JOHN C. CHRYSTAL, ALBERT J. DIULIO, :
S.J., HARRY E. RESIS, RUSSELL B. :
SIMON, LEONARD POTTER, and JAMES :
VELISSARIS, :
:
                    Defendants. :
―――――――――――――――――――――――― x

4843-0979-5818.v1

None of the competing lead plaintiff applicants substantively opposed Schiavi + Company LLC DBA Schiavi + Dattani's ("Schiavi and Dattani") lead plaintiff motion. *See* ECF Nos. 34, 35, 38. For this reason alone, Schiavi and Dattani's motion should be granted.

While purporting to "take no position with respect to the appointment of lead plaintiff or lead plaintiffs' counsel," defendants attempt to do just that by "alert[ing] the Court" to the fact that "an investment advisor is seeking appointment as lead plaintiff through the use of post-litigation assignments of claims from its clients" and further contending that this scenario creates issues as to standing. *See* ECF No. 36 at 1-2. Defendants are wrong.

As an initial matter, the Private Securities Litigation Reform Act of 1995 ("PSLRA") makes clear that the most adequate plaintiff presumption may only be rebutted "***by a member of the purported plaintiff class***." 15 U.S.C. §78u-4(a)(3)(B)(i) & (iii)(II).[1] Defendants "obviously do not belong to the putative class, and the majority of Courts have found that ***defendants do not have standing to challenge the adequacy of lead plaintiff applicants***." *In re Warner Chilcott Ltd. Sec. Litig.*, No. 1:06-cv-11515-WPH, ECF No. 26 at 3 (S.D.N.Y. Mar. 21, 2007) (attached hereto as Ex. 1).[2] As such, "the court should not permit or consider ***any arguments by defendants***." *In re*

---

[1] All emphasis is added and all citations are omitted unless otherwise indicated.

[2] *See also In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("The third step of the process is to give ***other plaintiffs*** an opportunity to rebut the presumptive lead plaintiff's showing that it satisfies Rule 23's typicality and adequacy requirements."); *Hill v. Accentia Biopharmaceuticals, Inc.*, 2013 WL 6283712, at *1 (M.D. Fla. Dec. 4, 2013) (finding defendants lack standing to weigh in at lead plaintiff stage); *Prissert v. Emcore Corp.*, 2010 WL 7926232, at *3 (D.N.M. July 14, 2010) (same); *In re Herley Indus. Inc.*, 2010 WL 176869, at *2 (E.D. Pa. Jan. 15, 2010) (same); *Dutton v. Harris Stratex Networks, Inc.*, 2009 WL 1598408, at *1 n.2 (D. Del. June 5, 2009) (same); *In re Able Labs. Sec. Litig.*, 425 F. Supp. 2d 562, 568 (D.N.J. 2006) (same); *In re Surebeam Corp. Sec. Litig.*, 2004 WL 5159061, at *8 n.5 (S.D. Cal. Jan. 5, 2004) (same); *Bell v. Ascendant Solutions, Inc.*, 2002 WL 638571, at *2 (N.D. Tex. Apr. 17, 2002) (same); *In re Lucent Techs. Inc. Sec. Litig.*, 221 F. Supp. 2d 472, 486 n.18 (D.N.J. 2001) (same); *Netsky v. Capstead Mortg. Corp.*, 2000 WL 964935, at *7 (N.D. Tex. July 12, 2000) (same); *In re Waste Mgmt., Inc. Sec. Litig.*, 128 F. Supp. 2d 401, 409-10 (S.D. Tex. 2000) (same); *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999) (same); *In re Nice*

*Cendant Corp. Litig.*, 264 F.3d 201, 268 (3d Cir. 2001) (the PSLRA "is quite specific on this point, providing that the presumption 'may be rebutted *only* upon proof ***by a member of the purported plaintiff class***'") (emphasis in original).

Even if defendants were statutorily entitled to be heard now, it is obvious that "defendants have no incentive to protect the best interests of a purported plaintiff class in opposing or supporting a plaintiff's designation as lead plaintiff." *City of Bristol Pension Fund v. Vertex Pharm.*, 2012 WL 6681907, at *4 (D. Mass. Dec. 21, 2012). Given this clear lack of alignment with the purported plaintiff class, courts routinely ignore or preclude similar attempts by defendants to weigh in on the issue of the appointment of a lead plaintiff. For example, courts have held that "[p]recluding arguments from a party whose interests are diametrically opposed to those of the class is logical at the beginning of litigation, when there is little danger of prejudice to the defendant based on the selection of a particular lead plaintiff." *Herley*, 2010 WL 176869, at *2; *In re Merck, & Co., Inc. Sec. Litig.*, 432 F.3d 261, 267 (3d Cir. 2005) (reiterating that "weight of authority falls against" defendants' "ability to challenge lead plaintiff selection" and holding a ban on defendants' interference in the appointment of a lead plaintiff "makes sense because defendants will rarely have the best interests of the class at heart"); *Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, U.A.*, 657 F.2d 890, 895 (7th Cir. 1981) ("[w]hen it comes, for instance, to determining whether 'the representative parties will fairly and adequately protect the interests of the class,' . . . it is a bit like permitting a fox, although with a pious countenance, to take charge of the chicken house").

---

*Sys. Sec. Litig.*, 188 F.R.D. 206, 218 (D.N.J. 1999) (same); *In re Milestone Sci. Sec. Litig.*, 183 F.R.D. 404, 414 (D.N.J. 1998) (same); *In re Cephalon Sec. Litig.*, 1998 U.S. Dist. LEXIS 12321, at *17 (E.D. Pa. Aug. 12, 1998) (same); *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 550 (N.D. Tex. 1997) (same).

Defendants' purported concerns in and around class certification – which are unwarranted – are also premature at this stage of the litigation. While Federal Rule of Civil Procedure 23 has four requirements for class certification, "[a]t this early stage of litigation" "only the last two factors – typicality and adequacy – are pertinent." *Lopez v. CTPartners Exec. Search Inc.*, 2015 WL 2431484, at *2 (S.D.N.Y. May 18, 2015) (cleaned up). "Indeed, 'a wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'" *Yates v. Open Joint Stock Co. "Vimpel-Commc'ns,"* 2005 WL 1018428, at *2 (S.D.N.Y. Apr. 29, 2005) (alterations in original). More importantly, "[i]f the attorneys for the other class members shared defendants' concern that appointing [Schiavi and Dattani] as lead plaintiff would jeopardize this case, they would have opposed [Schiavi and Dattani's] motion" on the same basis. *Id.* They did not do so here. Because defendants, as their own Response recognizes, intend "to contest class certification ***at the appropriate time*** on any and all grounds" (Response at 1), there is no reason for the Court to deviate from the PSLRA by litigating defendants' purported (and unwarranted) concerns at this stage of the litigation. *Yates*, 2005 WL 1018428, at *2.

Moreover, defendants' class certification arguments, even if they were to be entertained at this stage (and, for the reasons set forth above, they should not be), are meritless. Each of the cases cited by defendants are readily distinguishable because they involve assignments secured well ***after*** the investment manager's initial appearance in the case, which is ***not*** what occurred here where the assignments were obtained ***before*** the lead plaintiff motion was filed.

For example, in *In re SLM Corp. Sec. Litig.*, 258 F.R.D. 112, 114 (S.D.N.Y 2009), cited by defendants, the district court addressed the Second Circuit's then-recent decision in *W.R. Huff Asset Mgmt. Co., LLC v. Deloitte & Touche LLP*, 549 F.3d 100, 107 (2d Cir. 2008), in which the Court of

Appeals ruled that plaintiff Huff – an investment advisor – did not have Article III standing where it had not obtained timely legal title to its investment clients' claims. *W.R. Huff*, 549 F.3d at 107. In light of *W.R. Huff*, one of the competing lead plaintiff movants in the *SLM* case sought relief from the court's prior appointment of Westchester Capital as lead plaintiff because Westchester Capital only obtained an assignment after it had been appointed lead plaintiff. *SLM*, 258 F.R.D. at 114. The *SLM* court agreed, holding "that Westchester Capital, as an investment advisor without a valid assignment of its clients' claims, did not have Article III standing **at the time this Court appointed it lead plaintiff**." *Id.* at 114-15. Westchester Capital's attempt to remedy its lack of standing by submitting an assignment of claims by the two funds it advised was rejected by the court because "***Post–Appointment*** Assignment of Claims" were insufficient to alleviate any adequacy and typicality concerns. *Id.* Defendants' second case, *In re IMAX Sec. Litig.*, 2009 WL 1905033 (S.D.N.Y. June 29, 2009), is nearly identical to *SLM* as it involved the same investment advisor, Westchester Capital, at the same procedural stage (post-lead plaintiff appointment), and the same post-appointment assignment of claims. *Id.* at \*2-\*3.

By contrast, here, Schiavi and Dattani received assignments of claims from its clients ***before*** filing its lead plaintiff motion. *See* ECF No. 25-2. And, such pre-motion assignments support standing by investment managers at the lead plaintiff stage. *See Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814, at \*7 (N.D. Ill. June 26, 2018) (appointing investment advisor that obtained over 200 assignments as co-lead plaintiff); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at \*6-\*7 (N.D. Ohio Nov. 28, 2017) (holding that investment manager had standing because it obtained assignments of its investors' claims, appointing the investment advisor co-lead plaintiff, and ruling that the assignments were timely because they were executed prior to the lead plaintiff motion deadline); *Rieckborn v. Velti PLC*, 2013 WL 6354597, at \*3 n.8 (N.D. Cal. Dec. 3,

2013) (appointing individual who obtained several assignments as lead plaintiff and rejecting argument that the assignments were untimely because "the assignments were signed on August 29, 2013, well before Yadegar filed his motion seeking appointment"). As such, Schiavi and Dattani's assignments fully support its appointment as lead plaintiff in this case.

Finally, defendants' claim that Schiavi and Dattani's motion is "missing key information necessary for the Court to determine whether the advisor has statutory standing" is a red herring. *See* ECF No. 36 at 2. First, and most obviously, as its clients' investment advisor, Schiavi and Dattani was the actual purchaser of the securities at issue in this case. And second, unlike the investment advisor in *Weinberg v. Atlas Air Worldwide Holdings, Inc.*, 216 F.R.D. 248, 255 (S.D.N.Y. 2003), Schiavi and Dattani obtained timely assignments of its clients' claims. *See* ECF No. 25-2. As the actual purchaser of the securities which has been assigned its clients' claims, there is no question that Schiavi and Dattani has standing to assert the claims in this case.

None of the competing movants substantively opposed Schiavi and Dattani's motion. Defendants lack statutory authority to oppose Schiavi and Dattani's motion. Even if defendants were entitled to weigh in and pick their opponent, defendants' "Response" here lacks any basis in law or fact. As such, Schiavi and Dattani respectfully request that the Court grant its motion.

DATED:  May 18, 2021                     Respectfully submitted,

                                         ROBBINS GELLER RUDMAN
                                           & DOWD LLP
                                         SAMUEL H. RUDMAN
                                         DAVID A. ROSENFELD


                                                  *s/ David A. Rosenfeld*
                                         DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY 11747
Telephone: 631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com
drosenfeld@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. MCCORMICK
JUAN CARLOS SANCHEZ
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com
jsanchez@rgrdlaw.com

BOIES SCHILLER FLEXNER LLP
JOHN T. ZACH
55 Hudson Yards, 20th Floor
New York, NY 10001
Telephone: 212/446-2300
212/446-2350 (fax)
jzach@bsfllp.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

# Mailing Information for a Case 1:21-cv-01047-FB-RLM Yang v. Trust for Advised Portfolios et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Antonia Marie Apps**
  aapps@milbank.com

- **Michael Cabin**
  macabin@duanemorris.com

- **James J. Coster**
  jcoster@ssbb.com,managingclerk@ssbb.com,nydocket@duanemorris.com,autodocketny@duanemorris.com

- **Susan F. DiCicco**
  susan.dicicco@morganlewis.com

- **Chantale Fiebig**
  cfiebig@gibsondunn.com

- **Joseph Edward Floren**
  jfloren@morganlewis.com

- **Matthew M Guiney**
  guiney@whafh.com

- **Phillip Kim**
  pkim@rosenlegal.com,pkrosenlaw@ecf.courtdrive.com

- **Matthew Rees Ladd**
  matthew.ladd@morganlewis.com

- **Thomas Livezey Laughlin**
  tlaughlin@scott-scott.com,rswartz@scott-scott.com,scott-scott@ecf.courtdrive.com,dcolonna@scott-scott.com,efile@scott-scott.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,asoto@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Sean Miles Murphy**
  smurphy@milbank.com,bwalden@milbank.com,BReed@milbank.com

- **David Avi Rosenfeld**
  drosenfeld@rgrdlaw.com,e_file_ny@rgrdlaw.com,2879289420@filings.docketbird.com,e_file_sd@rgrdlaw.com,drosenfeld@ecf.courtdrive.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`