# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
:           06 Civ. 11515 (WHP)
IN RE WARNER CHILCOTT LIMITED
SECURITIES LITIGATION               :           ORDER

------------------------------------X

WILLIAM H. PAULEY III, District Judge:

        The present application involves the appointment of lead plaintiff and lead counsel in this consolidated putative class action. Plaintiffs assert claims against Defendants Warner Chilcott Limited ("Warner Chilcott"), Roger Boissonneault and Paul Herendeen pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, 15 U.S.C. §§ 77k, (l)(a)(2) and (o). Class members the International Brotherhood of Electrical Workers Local 98 ("IBEW") and Wesley Ruggles Ltd. II ("Ruggles") (collectively, the "Institutional Investors Group") move for selection as lead plaintiff and for designation of their attorneys, Lerach Coughlin Stoia Geller Redman & Robbins LLP ("Lerach Coughlin") and Abraham, Fruchter & Twersky, LLP ("Abraham Fruchter"), as co-lead counsel. For the reasons set forth below, the motion is granted.

        The Private Securities Litigation Reform Act of 1995 ("PSLRA") governs the appointment of a lead plaintiff in actions brought pursuant to the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). First, the PSLRA requires the plaintiff who files the first-covered action to publish notice to the class within 20 days of filing the action, to inform class members of their right to seek designation as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). All lead plaintiff motions must be filed "not later than 60 days after the date on which the notice is published." 15 U.S.C § 78u-4(a)(3)(A)(i)(II).

        Next, the PSLRA requires that the Court select as lead plaintiff the "member or members of the purported plaintiff class that the court determines to be most capable of

adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i). There is a rebuttable presumption that the plaintiff who is "most adequate":

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). This presumption "may be rebutted only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff- (aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). The PSLRA favors the selection of institutional investors as lead plaintiffs. See, e.g., In re eSpeed, Inc. Sec. Litig., 232 F.R.D. 95, 99 (S.D.N.Y. 2005); Dolan v. Axis Capital Holdings Ltd., No. 04 Civ. 8564 (RJH), 2005 WL 883008, at *3 (S.D.N.Y. Apr. 13, 2005).

Here, class notice was published on November 1, 2006. The Institutional Investors Group's motion was filed on January 3, 2007, the final day of the 60-day filing period. Fed. R. Civ. P. 6; 15 U.S.C § 78u-4(a)(3)(A)(i)(II). It is undisputed that the Institutional Investors Group has the largest financial interest in the relief sought. Nor has any party suggested that the Institutional Investors Group cannot satisfy the requirements of Rule 23. Therefore, the Institutional Investors Group is the presumptive most adequate lead plaintiff, and because no class member has rebutted the presumption, the Institutional Investors Group shall serve as lead plaintiff in these consolidated actions.

Defendants protest the inclusion of multiple plaintiffs in the Institutional Investors Group. Yet the PSLRA provides that a challenge to the adequacy of a presumptively "most adequate plaintiff" shall be made "only upon proof by a member of the purported plaintiff class." 15 U.S.C. § 78u-4(a)(3)(iii)(II). Defendants obviously do not belong to the putative class, and the majority of Courts have found that defendants do not have standing to challenge the adequacy of lead plaintiff applicants in cases governed by the PSRLA. See In re Merck & Co. Sec. Litig., 432 F.3d 261, 267 (3d Cir. 2005) (collecting cases). In any event, the Court does not share Defendants' concerns about the appointment of two lead plaintiffs as opposed to one in the context of this litigation.

The PSLRA provides that the "most adequate plaintiff shall, subject to approval of the court, select and retain counsel." 15 U.S.C. § 78u-4(a)(3)(B)(v). The court should generally employ a deferential standard in reviewing the lead plaintiff's choices. In re Smith Barney Transfer Agent Litig., No. 05 Civ. 7583 (WHP), 2006 WL 991003, at *6 (S.D.N.Y. Apr. 17, 2006). The Institutional Investor Group's proposed co-lead counsel, Lerach Coughlin and Abraham Fruchter, are capable and experienced in handling securities fraud class actions. Accordingly, this Court appoints Lerach Coughlin and Abraham Fruchter as co-lead counsel.

Dated: March 21, 2007
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Counsel of Record*:

David Avi Rosenfeld, Esq.
Lerach, Coughlin, Stoia, Geller, Rudman & Robbins, LLP
58 South Service Road
Suite 200
Melville, NY 11747

Jack Gerald Fruchter, Esq.
Abraham Fruchter & Twersky LLP
One Penn Plaza
Suite 1910
New York, NY 10119

Richard A Speirs, Esq.
Zwerling, Schachter & Zwerling
41 Madison Avenue
New York, NY 10010

Fei-Lu Qian
Pomerantz Haudek Block Grossman & Gross LLP
100 Park Avenue, 26th Floor
New York, NY 10017
*Counsel for Plaintiffs*

Richard A. Rosen, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
*Counsel for Defendants*