**Susan F. DiCicco**
Partner
+1.212.309.6640
susan.dicicco@morganlewis.com

October 7, 2021

**VIA ECF**

| | |
|---|---|
| Hon. Margo K. Brodie, Chief Judge | Hon. Frederic Block, District Court Judge |
| United States District Court, E.D.N.Y. | United States District Court, E.D.N.Y. |
| 225 Cadman Plaza East | 225 Cadman Plaza East |
| Brooklyn, New York 11201 | Brooklyn, New York 11201 |

Mr. Douglas C. Palmer, Clerk of Court
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

Re: **Agreed Request for Judicial Determination of Related Cases**: (a) *Yang v. Trust for Advised Portfolios, et al.*, No. 1:21-cv-01047-FB-MMH ("*Yang*"), and (b) *Oak Fin. Group v. Infinity Q Div. Alpha Fund, et al.*, No. 1:21-cv-03249-MKB-CLP ("*Oak*")

Dear Chief Judge Brodie, Judge Block, and Mr. Palmer:

We represent defendants Trust for Advised Portfolios ("TAP") and its officers Christopher E. Kashmerick, Russell B. Simon, and Steven J. Jensen in the above-referenced actions. We write pursuant to Local Rule 50.3.1(d) to request a determination that these two federal securities actions are related, an issue on which all remaining parties have met and conferred and on which all such parties agree. These actions (i) are each brought by shareholders of the same securities arising from the same underlying events; (ii) are based upon the same essential factual allegations; (iii) assert the same claims under the Securities Exchange Act of 1934 ("Exchange Act") and are both subject to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); (iv) raise the same essential legal issues concerning the same parties; and (v) further overlap in that plaintiff in the later-filed *Oak* action is a member of the putative plaintiff class in *Yang*. Both actions are at their initial stages and no responses have been filed to either complaint. The assignment of both actions to a single judge and magistrate judge would plainly promote efficiency and conserve substantial judicial resources.

These cases concern the Infinity Q Diversified Alpha Fund (the "Fund"), which is a series of TAP, an open-end investment company commonly known as a mutual fund, in which the *Yang* and *Oak* plaintiffs purchased shares. On February 22, 2021, TAP and the Fund's investment manager, defendant Infinity Q Capital Management, LLC ("IQCM"), sought and obtained an

**Morgan, Lewis & Bockius LLP**

101 Park Avenue
New York, NY 10178-0060      T +1.212.309.6000
United States                F +1.212.309.6001

order from the Securities and Exchange Commission ("SEC") permitting the Fund to suspend redemptions and requiring the Fund to liquidate and distribute its assets to shareholders, based upon the Fund's inability to value certain of its holdings and resulting inability to calculate a net asset value ("NAV"), as explained further in the SEC's order. *See Infinity Q Diversified Alpha Fund*, SEC Release No. IC-34198, 86 Fed. Reg. 11815 (Feb. 22, 2021). Multiple Fund shareholders filed suits in this Court and New York Supreme Court in the wake of that order.

**The *Yang* Putative Class Action**

On February 26, 2021, Plaintiff Liang Yang filed a putative class action complaint asserting claims under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder against TAP, IQCM, and certain of their respective trustees, officers and members.[1] Plaintiff Yang alleges that Defendants made false or misleading statements in TAP's registration statements concerning the Fund's valuation and its NAV, and asserts these claims on behalf of a putative class of all purchasers of Fund shares between December 21, 2018 and February 22, 2021 (the "Class Period"). *Yang*, ECF No. 1.

The *Yang* action is subject to the lead plaintiff appointment requirements of the PSLRA, 15 U.S.C. § 78u-4(a)(3). All parties stipulated and the Court ordered that Defendants' response deadline to the complaint be deferred until after the Court appoints a lead plaintiff and an amended complaint is filed. *Yang*, ECF No. 14-1. Multiple parties moved for appointment as lead plaintiff in *Yang* (ECF Nos. 15, 19, 23, 26), and those motions are *sub judice*.

**The *Oak* Action**

On June 8, 2021, Plaintiff Oak Financial Group, Inc. ("OFG") filed the *Oak* action, naming as defendants the *Yang* Defendants plus the Fund's auditor and distributor, another officer of the Fund, and certain alleged controlling persons of IQCM. *Oak* asserts the same legal claims as *Yang* under Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5 thereunder, as well as additional, related claims under the Securities Act of 1933 and New York law, all based upon alleged false and misleading statements in the Fund's registration statements and elsewhere concerning the Fund's valuation and its NAV.[2] *Oak*, ECF No. 1. OFG identified *Yang* as a related case in its Civil Cover Sheet. *Oak*, ECF No. 1-1, at 1. OFG alleges that it purchased certain of its Fund shares during the *Yang* Class Period, and it is therefore a member of the *Yang* putative class. *Oak* is, in essence, an individual "opt out" case from the *Yang* putative class action and a parallel state court putative class action.[3] Defendants accepted service of the *Oak* Complaint on September 12, 2021. *Oak*, ECF Nos. 7-21.

---

[1] The *Yang* Defendants are TAP, Christopher E. Kashmerick, Russell B. Simon, John C. Chrystal, Albert J. DiUlio, S.J., Harry E. Resis, IQCM, Leonard Potter, and James Velissaris.

[2] The *Oak* Defendants are those named in *Yang* plus Steven J. Jensen, Scott Lindell, Bonderman Family Limited Partnership, Infinity Q Management Equity, LLC, Quasar Distributors, LLC, and EisnerAmper LLP.

[3] Another related case against the same defendants as *Oak* is pending in New York Supreme Court, in which the plaintiffs (also Fund shareholders) assert claims on behalf of a putative class under the Securities Act of 1933. *In re Infinity Q Div. Alpha Fund Secs. Litig.*, No. 651295/2021 (N.Y. Sup. Ct., Comm. Div. filed Feb. 24, 2021).

### *Yang* and *Oak* Are Related

Under Local Rule 50.3.1(a), cases should be deemed related where, "because of the similarity of facts and legal issues" or "because the cases arise from the same transactions or events," assignment to a single judge and magistrate judge would save substantial judicial resources. That is manifestly true here. The earlier-filed *Yang* putative class action asserts the same claims, against the same defendants, based on the same fact allegations as the later-filed *Oak* action. The similarities between the *Yang* and *Oak* complaints are overwhelming. Both complain of allegedly false or misleading statements regarding the Fund's valuation and NAV and related risks in the same registration statements, including challenges to several of the exact same statements in both cases. *Yang* Compl. ¶¶ 18-27; *Oak* Compl. ¶¶ 37-44. Both allege that the false or misleading nature of those statements was revealed in the Fund's February 22, 2021 disclosures, causing losses to Fund shareholders. *Yang* Compl. ¶¶ 27-30; *Oak* Compl. ¶¶ 35-36, 53-63. Both actions assert the same claims under Exchange Act Sections 10(b) and 20(a) and Rule 10b-5 thereunder against the same defendants. *Yang* Compl. ¶¶ 40-49, 50-55; *Oak* Compl. ¶¶ 64-73, 74-81. The only differences are that *Yang* is a putative class action, while *Oak* is an individual action by a member of the putative class in *Yang*, and *Oak* also asserts certain additional claims against the same and additional defendants based upon the same core factual allegations.

*Yang* and *Oak* are therefore related "because of the similarity of facts and legal issues" and "because the cases arise from the same transactions or events." Because both cases turn on the same core factual allegations and legal issues regarding the Fund, it is obvious that "a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." L.R. 50.3.1(a), (d).

This request is timely, because all defendants were served in *Oak* less than 30 days before this request. L.R. 50.3.1(d). The undersigned has conferred with the *Oak* plaintiff, the remaining lead plaintiff applicant in *Yang*, and all defendants in both cases. All parties agree that the Court should determine *Oak* and *Yang* are related cases.

Therefore, the parties respectfully request a judicial determination that *Yang* and *Oak* are related cases.

Respectfully submitted,

*/s/ Susan F. DiCicco*

Susan F. DiCicco

cc: All counsel of record via ECF in *Yang* and *Oak*