**Robbins Geller Rudman & Dowd LLP**

| Boca Raton | Melville | San Diego |
| Chicago | Nashville | San Francisco |
| Manhattan | Philadelphia | Washington, D.C. |

David A. Rosenfeld
drosenfeld@rgrdlaw.com

November 23, 2021

<u>VIA ECF</u>

Honorable Magistrate Judge Marcia M. Henry
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Yang v. Trust for Advised Portfolios*, No. 1:21-cv-01047
              *Leonard Sokolow, as trustee of the Leonard J. and Sharon R. Sokolow Revocable Trust dated 4/18/18 v. Trust for Advised Portfolios*, No. 1:21-cv-02317

Dear Magistrate Judge Henry:

      We represent lead plaintiff movants Schiavi + Company LLC DBA Schiavi + Dattani ("Schiavi and Dattani") in the above-referenced related securities class actions and respectfully write regarding the status of Schiavi and Dattani's pending motion for appointment as lead plaintiff and approval of selection of lead counsel (the "Motion") (ECF No. 23).

      On April 27, 2021, Schiavi and Dattani filed its Motion, claiming that, during the Class Period, it purchased (through assigned claims) 705,838 Infinity Q Diversified Alpha Fund shares, valued at approximately $9.1 million, as measured by defendants' last reported NAV of the fund. *See* ECF No. 24 at 4. While three other movants also filed motions that same day seeking appointment as lead plaintiff, those movants either subsequently withdrew their motion (ECF No. 34) or filed notices of non-opposition to Schiavi and Dattani's Motion. *See* ECF Nos. 35 ("Having reviewed the competing motions before the Court, Woda does not appear to possess the largest financial interest in this litigation within the meaning of the [Private Securities Litigation Reform Act of 1995 ("PSLRA")]."); 38 ("Movant Schiavi + Dattani appears to assert the largest individual loss and is, therefore, the presumptive lead plaintiff with the largest financial interest pursuant to the [PSLRA."]). ***Accordingly, Schiavi and Dattani's Motion is unopposed by the competing movants***.[1]

---

[1]     Although the PSLRA makes clear that the most adequate plaintiff presumption may only be rebutted "***by a member of the purported plaintiff class***," 15 U.S.C. §78u-4(a)(3)(B)(i) & (iii)(II) (emphasis added), defendants nonetheless filed an improper response on May 11, 2021 challenging the lead plaintiff candidacy of Schiavi and Dattani (and one other movant), based on defendants' incorrect assumptions about the nature of Schiavi and Dattani's assignments. *See* ECF No. 36. For the reasons set forth in detail in Schiavi and Dattani's reply in support of its Motion, ECF No. 41, defendants' challenge is misplaced as the cases they rely on concerning assignments "involve assignments secured well ***after*** the investment manager's initial appearance in the case, which is ***not*** what occurred here where the assignments were obtained ***before*** the lead plaintiff motion was filed." *Id.* at 3 (emphasis in original). Indeed, the assignments received here by Schiavi and Dattani are the type of assignments that have been approved of for lead plaintiff movants in other securities

   Given that Schiavi and Dattani's Motion is unopposed by the competing movants – and has been fully briefed for more than six months, *see* 15 U.S.C. §78u-4(a)(3)(B)(i) ("Not later than 90 days after the date on which a notice is published . . . the court shall consider any motion made by a purported class member in response to the notice . . . and shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . .") – Schiavi and Dattani respectfully requests that the Court issue an order granting Schiavi and Dattani's Motion or, alternatively, set a status conference to address the Motion.

               Respectfully submitted,

               DAVID A. ROSENFELD

cc:  Hon. Frederic Block
   Counsel of record

---

class actions. *See, e.g.*, *Sokolow v. LJM Funds Mgmt., Ltd.*, 2018 WL 3141814 (N.D. Ill. June 26, 2018); *Boynton Beach Firefighters' Pension Fund v. HCP, Inc.*, 2017 WL 5759361, at *6-*7 (N.D. Ohio Nov. 28, 2017); *Rieckborn v. Velti PLC*, 2013 WL 6354597, *3 n.8 (N.D. Cal. Dec. 3, 2013).