# Milbank

**SEAN M. MURPHY**

*Partner*
55 Hudson Yards | New York, NY 10001-2163
T: 212.530.5688
smurphy@milbank.com | milbank.com

August 5, 2022

**BY ECF**

Hon. Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *In re Infinity Q Diversified Alpha Fund and Infinity Q Volatility Alpha Fund, L.P. Securities Litigation*, Case No. 1:21-cv-1047-FB-MMH (E.D.N.Y.)

Dear Judge Block:

      We represent Defendants Infinity Q Capital Management, LLC ("IQCM"), Bonderman Family Limited Partnership, Infinity Q Volatility Alpha Fund, L.P., Infinity Q Volatility Alpha Offshore Fund, Ltd., and Leonard Potter. We submit this pre-motion letter in accordance with Paragraph 2.A of the Court's Individual Motion Practices and Rules. As explained in today's letter to the Court from Susan DiCicco, Esq. (Dkt. No. 71), numerous defendants have reached an agreement in principle to settle this matter. The non-settling defendants include my clients, as well as Infinity Q Capital Management Equity, LLC, Scott Lindell and James Velissaris (all non-settling defendants are collectively the "Moving Defendants"). The Moving Defendants are hopeful a settlement will be reached shortly; however, if we are unable to resolve the matter, Moving Defendants anticipate moving to dismiss the Amended Consolidated Complaint (Dkt. No. 67, the "Complaint" or "Compl.") in accordance with Fed. R. Civ. P. 12(b)(6).[1]

      The primary basis for the anticipated motion is based upon the Complaint's failure to state a claim, including the lack of particularized allegations required by Federal Rule of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Furthermore, all claims against Moving Defendants fail because Plaintiffs lack standing to the extent they did not

---

[1] Counsel for Defendants Infinity Q Management Equity, Velissaris and Lindell join in this letter and intend to move to dismiss on the same grounds discussed herein.

themselves purchase any fund securities, and the purported assignments of claims that they received from alleged fund investors are champertous and invalid.

To state a claim under either Section 11 and Section 12(2) of the Securities Act of 1933 or Section 10(b) of the Securities Exchange Act of 1934, a plaintiff must adequately allege a material misstatement or omission. *See Lattanzio v. Deloitte & Touche LLP*, 476 F.3d 147, 153 (2d Cir. 2007). Here, the Complaint fails to allege any actionable misstatements or omissions. For example, Plaintiffs allege that certain fund disclosures failed to disclose that a former IQCM officer made adjustments to parameters within a third-party pricing model that affected the valuation of swaps held by two funds. Compl. ¶ 12. However, the Complaint contains no allegations that these adjustments were made at or before the time the statements were made. *See, e.g.*, *Waterford Twp. Police & Fire Ret. Sys. v. Reg'l Mgmt. Corp.*, 2016 WL 1261135, at *10 (S.D.N.Y. Mar. 30, 2016). Moreover, the cited disclosures described the process for valuation, and nothing in those descriptions suggests that adjustments to the third-party pricing model could not be made. The relevant disclosures also make clear that valuation requires an exercise of judgment. The Complaint therefore fails to plead a false or misleading statement. *Fait v. Regions Fin. Corp.*, 655 F.3d 105, 110 (2d Cir. 2011). Plaintiffs also fail to attribute any misleading statements to the Moving Defendants, relying instead on statements made by other defendants. *See, e.g., Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135 (2011). The Complaint also fails to identify any omission for which the Moving Defendants had a duty to disclose. *In re Bank of Am. AIG Disclosure Sec. Litig.*, 980 F. Supp. 2d 564, 580 (S.D.N.Y. 2013). Finally, the relevant disclosures include forward-looking statements, and there are numerous risk disclosures that bespeak caution with respect to valuation. 15 U.S.C. §78u-4 (2012).

Other deficiencies of the specific causes of actions include the following:

### Section 11 of the Securities Act (Count I)

The Section 11 claim must be dismissed against the Moving Defendants because they are not permissible defendants under the statute. *See In re Morgan Stanley Info. Fund Sec. Litig.*, 592 F.3d 347, 358–59 (2d Cir. 2010); *In re ProShares Tr. Sec. Litig.*, 728 F.3d 96, 102 (2d Cir. 2013). Proper defendants under Section 11 include only issuers, signatories to the registration statement, an issuer's directors, experts or persons who have consented to having their reports included in the registration statement, and underwriters. *See* 15 U.S.C. § 77k(a). The Moving Defendants do not fall into any of these categories.

### Section 12(a)(2) of the Securities Act (Count II)

The Section 12 claims asserted against the Moving Defendants must be dismissed because they are not "statutory sellers." *See* 15 U.S.C. § 77*l*(a)(2). A "statutory seller" must have either (1) passed title in the security to the buyer or (2) "successfully solicited the purchase of a security, motivated at least in part by a desire to serve his own financial interests or those of the securities owner." *Pinter v. Dahl*, 486 U.S. 622, 647 (1988); *In re Morgan Stanley*, 592 F.3d at 359. Section

12 does not impose liability on "participants collateral to the offer or sale," or even those whose had "substantial participation in the sales transaction." *Pinter*, 486 U.S. at 650–51.

### Section 15 of the Securities Act (Count III)

The Complaint's attempt to hold the Moving Defendants secondarily liable under Section 15 as control persons fails because the Complaint: (1) fails to plead primary violations of Sections 11 and 12(a)(2); and (2) fails to adequately allege that any Moving Defendant exercised control over any party that could be a primary violator or had "actual control over the transaction in question." *Ho v Duoyuan Glob. Water, Inc.*, 887 F. Supp 2d 547, 579 (S.D.N.Y. 2012); *In re Morgan Stanley,* 592 F.3d at 358; *In re Glob. Crossing,* 2005 WL 1907005 (S.D.N.Y. 2005).

### Section 10(b) of the Exchange Act (Count IV)

To recover under Section 10(b), Plaintiffs must plead particularized facts giving rise to a "strong inference" of scienter. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 313-14 (2007); 15 U.S.C. § 78u–4(b)(2). Here, the allegations of scienter relating to the Moving Defendants are either nonexistent or wholly conclusory.

The Section 10(b) claim also fails because the Complaint fails to plead loss causation—*i.e.*, "the causal link between the alleged misconduct and the economic harm ultimately suffered by the plaintiff." *Lentell v. Merrill Lynch & Co.*, 396 F.3d 161, 172 (2d Cir. 2005). To plead loss causation, Plaintiffs must allege that the defendant's misrepresentation proximately caused the plaintiff's economic loss. *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). The Complaint fails to adequately allege this causal link. In addition, Plaintiffs have not alleged actual reliance on any alleged misrepresentation, and they are not entitled to the presumption of reliance established by *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972).

### Section 20(a) of the Exchange Act (Count V)

The Section 20(a) claims should be dismissed based on the same deficiencies described above with respect to the Section 15 claims. These deficiencies include Plaintiffs' failure to allege (i) a primary violation of Section 10(b); (ii) actual control of any primary violator and transaction in question; or (iii) culpable participation in any alleged fraud.

Respectfully Submitted,

Sean M. Murphy

cc: All counsel of record via ECF in *In re Infinity Q Diversified Alpha Fund and Infinity Q Volatility Alpha Fund, L.P. Securities Litigation*