**Morris Kandinov**

**Aaron T. Morris**
Partner
+1.332.240.4024
aaron@moka.law

August 24, 2022

**BY ECF ONLY**

Hon. Frederic Block
Senior District Court Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

> **RE:** ***In re Infinity Q Diversified Alpha Fund and Infinity Q Volatility Alpha Fund, L.P. Securities Litigation*, Case No. 1:21-cv-1047-FB-MMH**

Dear Judge Block:

This firm represents Charles Sherck, an investor in the Infinity Q Diversified Alpha Fund (the "Fund"). Pursuant to Your Honor's Rule 2.A., we respectfully request a pre-motion conference so that Mr. Sherck may file a motion to intervene in this case for purposes of (1) replacing lead plaintiff and lead counsel solely with respect to the claims against U.S. Bancorp Fund Services, LLC ("U.S. Bancorp"); and (2) coordinating this action with the *first-filed* class action against U.S. Bancorp in Wisconsin, *Sherck v. U.S. Bancorp Fund Services, LLC*, Case No. 2022CV000846 (Wis. Cir. Ct.) (the "Wisconsin Case"). This is the largest mutual fund valuation case ever, and Mr. Sherck's motion will seek to prevent a peanuts settlement with the entity contractually responsible for valuing the securities at issue.

### Background

The Fund was offered to the public by U.S. Bancorp through a mutual fund series trust. The Fund's portfolio was managed by an outside manager, Infinity Q Capital Management, LLC ("Infinity Q"), but U.S. Bancorp was responsible for all other operations, including valuing the Fund's securities, preparing its financial reports and filings with the SEC, and reporting the Fund's net asset value ("NAV") to investors. U.S. Bancorp provided its own employees to execute these day-to-day operations, including to serve on the Fund's "valuation committee."

Between 2017 and 2021—*i.e.*, every trading day for at least four years—U.S. Bancorp overstated the value of the Fund's portfolio by *hundreds of millions of dollars* using prices that were based on manipulated financial data that it accepted at face value from Infinity Q. During this period, U.S. Bancorp repeatedly misrepresented to investors that it was overseeing Infinity Q and the valuation of the Fund through a standardized process. In reality, U.S. Bancorp had effectively abandoned that process with respect to the Fund, leaving Infinity Q unsupervised to manipulate prices will.

By early 2020, the differences between the Fund's prices and those reported for the *same securities* by the Fund's counterparties began to diverge by tens of millions of dollars. Infinity Q even began to report prices that were mathematically incapable of being accurate, and routinely permitted securities to expire as worthless despite having reported a value only days earlier. U.S. Bancorp ignored these irregularities and was not verifying the prices.

The SEC eventually caught on and launched an inquiry in May 2020, but U.S. Bancorp continued to allow the Fund to issue and redeem thousands of shares at inflated prices throughout the period. Finally, on February 22, 2021, the Fund disclosed to investors for the first time that pervasive valuation errors precluded it from stating an accurate NAV, its prior NAVs were inaccurate, and the SEC required immediate liquidation, after which the Fund held cash with a value of *nearly $500 million less* than the last NAV calculated by U.S. Bancorp.

On February 24, 2021—based on two days of investigation—an investor filed a securities class action in New York state court. *In re Infinity Q Diversified Alpha Fund Securities Litigation*, Index No. 651295/2021 (N.Y. Sup. Ct.) (the "New York Case"). The New York Case hastily named Infinity Q, the Fund's officers and directors, the Fund's auditor, EisnerAmper LLP, and various ancillary parties, *but did not name U.S. Bancorp*.

Two days after that—based on four days of investigation—this action was filed. It too failed to realize the significance of U.S. Bancorp's role in operating the Fund, valuing its securities and preparing its public disclosures, and thus it likewise failed to name U.S. Bancorp (ECF 1).

On February 9, 2022—following a year-long investigation of the Fund's collapse by counsel at Morris Kandinov LLP—Mr. Sherck filed the Wisconsin Case against U.S. Bancorp, which asserts claims under Sections 11 and 15 of the Securities Act of 1933 based on U.S. Bancorp's public misrepresentation of its oversight of the Fund's securities valuations. Mr. Sherck has since filed an amended complaint based on additional information gained from the SEC's subsequent action against Infinity Q and the public version of an extensive derivative complaint filed in the Delaware Court of Chancery (attached hereto as Ex. A).

On June 6, 2022, lead plaintiff in this action filed an amended complaint (ECF 67) that named, for the first time, U.S. Bancorp using allegations borrowed from Mr. Sherck's complaint.

**The Proposed Settlement**

On August 17, 2022—two months after filing the amended complaint and without fact discovery or substantive litigation of any kind other than a lead plaintiff contest—lead counsel announced, in coordination with lead counsel in the New York Case, that they had cobbled together a settlement with multiple defendants, including U.S. Bancorp. The resolution was apparently reached after a secret mediation that did not include Mr. Sherck.

In exchange for a class release of all investor claims relating to the Fund—*i.e.*, *hundreds of millions of dollars in unexculpated personal liability*—U.S. Bancorp will pay $250,000. Lead counsel has determined to implement the settlement outside of Your Honor's supervision through the New York Case, after which this case will apparently be dismissed.

Hon. Frederic Block
August 24, 2022
Page 3

**<u>The Intervention Motion</u>**

Mr. Sherck's motion will seek to continue to pursue a material class-wide recovery against U.S. Bancorp either through the Wisconsin Case, this action, or a coordinated action, regardless of whether other defendants reach a settlement. Your Honor recently allowed intervention under similar circumstances. *See Buchanan v. Pay-O-Matic Check Cashing Corp.*, 2020 WL 13049078 (E.D.N.Y. Mar. 25, 2020) (permitting class member to intervene and counsel to "represent a sub-class" not adequately represented by lead counsel). And this Court, of course, retains discretion to reconsider its lead counsel decision with respect to some or all of the case based on changes in circumstances. *See In re Luxoticca Grp., S.p.A. Sec. Litig.*, 2004 WL 2370650 at *4 (E.D.N.Y. Oct. 22, 2004) ("A decision to approve lead counsel is not irreversible. Subsequently discovered or new facts may warrant modification of prior approval of counsel."); *Moore v. Halliburton Co.*, 2004 WL 2092019 at *8 (N.D. Tex. Sept. 9, 2004) (lead counsel replaced after "concerns both about the manner in which settlement was reached, and the terms of the proposed settlement").

A recent matter in the Northern District of Ohio is insightful. In that case, the plaintiffs in the first-filed case attempted to voluntarily dismiss in favor of a settlement reached in the Southern District of Ohio. *See Miller v. Anderson*, 2022 WL 2439749, at *1-2 (N.D. Ohio July 5, 2022). Judge Adams found no reason to "discard the first-to-file rule," and expressed concern regarding the settlement of a high-profile case where the "wrongdoers will pay not a single cent" despite "incomplete written discovery, no testimony under oath . . . incomplete privilege logs detailing withheld documentation, an incomplete forensic examination . . . and an inadequate period to review and analyze the documents." *Id.* The court relieved lead counsel of their duties after they "made clear that they do not intend to prosecute the matter before this Court." *Miller v. Anderson*, No. 5:20CV1743, 2022 WL 2712190, at *1 (N.D. Ohio July 13, 2022).

In this case, U.S. Bancorp bears significant responsibility for the Fund's collapse, and the claims against it are not being adequately represented in this action. The Court should not permit counsel in a second-filed case to give away the rights to a material recovery against such a critical defendant in pursuit of a quick settlement with others. Mr. Sherck respectfully requests a pre-motion conference at Your Honor's convenience so that he may seek permission to file a motion to intervene and a complaint in intervention.

Sincerely,

Aaron T. Morris

cc:    All counsel of record via ECF