

**Aaron T. Morris**
Partner
+1.332.240.4024
aaron@moka.law

September 1, 2022

**BY ECF ONLY**

Hon. Frederic Block
Senior District Court Judge
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, New York 11201

                RE:   *In re Infinity Q Diversified Alpha Fund and Infinity Q Volatility Alpha Fund, L.P. Securities Litigation*, **Case No. 1:21-cv-1047-FB-MMH**

Dear Judge Block:

      We write to briefly respond to Plaintiffs' and U.S. Bancorp's letters dated August 31, 2022 (ECF 80 & 81). Mr. Sherck's motion is timely now because the proposed settlement, if presented to the class, will create a coercive dynamic that *cannot be cured* by objecting or opting out and thus should not be presented at all: class members would be forced to choose between (a) accepting the settlement as a whole and releasing all defendants, including U.S. Bancorp, despite an inadequate recovery from that defendant; or (b) objecting to or opting out of the settlement in its entirety and forgoing participation in the recovery against the other defendants. This Hobson's choice is entirely unnecessary, and has been created only by Plaintiffs' insistence on including U.S. Bancorp in the settlement despite having chosen not to pursue substantive litigation against it. For the same reason, the non-binding cases cited by Plaintiffs, including *Casey v. Citibank,* 2014 WL 3468188 (N.D.N.Y. Mar. 21, 2014), are not on point. Those cases did not involve circumstances where a defendant subject to first-filed litigation in one forum was belatedly wrapped into a settlement with different parties in a different case, and the courts in those cases did not otherwise find a reason to allow objections before the preliminary approval stage. This case is different because there are compelling reasons not to present this bundled package in the first place.

      The remainder of the parties' arguments are semantics:

- There is no dispute that the Wisconsin Case was first filed as to U.S. Bancorp, and the cases cited by U.S. Bancorp (ECF 81 at 2) do not hold that prior complaints naming different parties could be considered "first filed." *Wyler-Wittenberg v. MetLife Home Loans, Inc.*, 899 F. Supp. 2d 235, 244 (E.D.N.Y. 2012), involved two actions filed against the same defendant, and the court recognized that "application of the [first-filed] rule does not require identical parties," but does require at least "*substantial overlap.*"

      Here, there was *no overlap of defendants whatsoever* when the Wisconsin Case was filed. The other citations are likewise inapplicable for the same reason.[1]

- It cannot be disputed that this proposed settlement precedes fact discovery, but we are interested to learn who the "171,000 documents" (ECF 80 at 3) came from and whether they relate to U.S. Bancorp.

- The meditation was not disclosed in December 2021 as to U.S. Bancorp, and the letter referenced by Plaintiffs (ECF 80 at 2) was filed as to the parties in the New York Case, which does not include U.S. Bancorp.

- Notwithstanding the aggregate size of the settlements with other defendants, it is undisputed that U.S. Bancorp would obtain a class release in exchange for a nominal sum of $250,000. The purported "misinformation" cited by Plaintiffs (ECF 80 at 3) consists of literally true information derived from their own filings.

- U.S. Bancorp's assertion that Mr. Sherck has "offered no authority for his request to take over as lead plaintiff" (ECF 81 at 2) is incorrect.[2]

- U.S. Bancorp's purported entitlement to indemnification is addressed at pages 3-5 of the attached reply brief filed in the New York Case (Ex. A hereto). The arguments made by U.S. Bancorp in its motion to dismiss in the Wisconsin action are similarly without merit, and those arguments should be considered only as part of a fully briefed motion either in Wisconsin or in this court.

We appreciate Your Honor's consideration of this matter.

                            Sincerely,

                            Aaron T. Morris

cc:     All counsel of record via ECF

---

[1] *See Oleg Cassini, Inc. v. Serta, Inc.*, 2012 WL 844284, at *4 (S.D.N.Y. Mar. 13, 2012) (second case named some "additional defendants" but parties were "overwhelmingly" the same); *Spotless Enterprises Inc. v. The Accessory Corp.*, 415 F. Supp. 2d 203, 206 (E.D.N.Y. 2006) (finding that "substantial overlap between the two cases would be an understatement" because the only difference was the inclusion of an affiliated corporate "grandparent" entity).

[2] *See* ECF 77 citing *In re Luxoticca Grp., S.p.A. Sec. Litig.*, 2004 WL 2370650 at *4 (E.D.N.Y. Oct. 22, 2004) ("A decision to approve lead counsel is not irreversible. Subsequently discovered or new facts may warrant modification of prior approval of counsel") and *Moore v. Halliburton Co.*, 2004 WL 2092019 at *8 (N.D. Tex. Sept. 9, 2004) (lead counsel replaced after "concerns both about the manner in which settlement was reached, and the terms of the proposed settlement").